# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4161

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Martin Martinez-Tapia, also known as | * | [UNPUBLISHED] |
| Victor Rene Madrid, also known as | * | |
| Jorge Tapia, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 26, 2003
Filed: July 1, 2003

_____

Before BOWMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Martin Martinez-Tapia pleaded guilty to illegal reentry of the United States following deportation for "the felony crime of attempted burglary, 3rd degree . . . for which he was sentenced to two years jail, suspended," in violation of 8 U.S.C. § 1326(a) and (b)(1), (2). The district court[1] sentenced him to 41 months imprisonment and 2 years supervised release. Counsel has moved to withdraw and

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court plainly erred in finding that Martinez-Tapia's prior conviction for attempted third-degree burglary was a "felony" conviction warranting a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A). Counsel points out that under Iowa law, Martinez-Tapia's sentence, assuming a full award of good-time credit, would have been discharged in less than one year.

We review this argument, raised for the first time on appeal, for plain error. <u>See</u> <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (en banc). Section 2L1.2 provides for a 16-level increase if the defendant was deported after "a conviction for a felony that is (ii) a crime of violence." <u>See</u> U.S.S.G. § 2L1.2(b)(1)(A)(ii). Commentary defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." <u>See</u> U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)). Under Iowa law, "[a]ttempted burglary in the third degree is an aggravated misdemeanor." <u>See</u> Iowa Code Ann. § 713.6B (West Supp. 2003). The Iowa penalties section provides, "When a person is convicted of an aggravated misdemeanor, and a specific penalty is not provided for, the maximum penalty shall be imprisonment not to exceed two years . . . . [When] the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term." <u>See</u> Iowa Code Ann. § 903.1(2) (West Supp. 2003).

The district court did not plainly err in concluding that the offense was a "felony" for purposes of section 2L1.2's 16-level increase. Federal law controls the issue, <u>see</u> <u>United States v. Jenkins</u>, 989 F.2d 979, 979 (8th Cir. 1993) ("How a state views an offense does not determine how the United States Sentencing Guidelines view that offense."); <u>cf.</u> <u>United States v. Johnson</u>, 12 F.3d 760, 766 (8th Cir. 1993) (whether prior sentence counts for criminal history purposes is question of federal law, not state law), <u>cert. denied</u>, 512 U.S. 1211 (1994), and the Guidelines definition of "felony" requires only that the offense be punishable by imprisonment for more than one year, which the Iowa statute clearly permits.

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.