**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-1489

UNITED STATES OF AMERICA,

Appellee,

v.

SIMEON PENA-HERNANDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Rodney S. Dowell and Berman & Dowell on brief for appellant.
H.S. Garcia, United States Attorney, and Nelson Perez-Sosa,
Assistant U.S. Attorney, on brief for appellee.

August 26, 2005

**Per Curiam**.  Defendant Simeon Peña-Hernandez was indicted on one count of conspiring with others to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, which carries a mandatory minimum sentence of 120 months, 21 U.S.C. § 841(b)(1)(A)(ii).  After pleading guilty to that offense, he was sentenced to 135 months' imprisonment.

In this appeal, defendant initially challenged his sentence on the sole ground that the district court should have considered his eligibility for the "safety valve," despite his refusal to submit to a debriefing.  After appellate briefing was complete, defendant submitted a letter, under Fed. R. App. P. 28(j), further arguing that the case should be remanded for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005).  In reviewing the record, we noticed a plain error in the application of the Guidelines, and we remand on that ground without reaching defendant's Booker argument.  Because defendant's eligibility for a safety-valve departure will be relevant on remand, we address defendant's safety-valve argument and find it to be without merit.

A.  Guidelines Calculation Error

Under Amendment 640 to the Guidelines, effective November 1, 2002 (prior to defendant's sentencing), if a defendant receives a minor-role adjustment under U.S.S.G.

§ 3B1.2, the defendant's base offense level is capped at level 30. U.S.S.G. § 2D1.1(a)(3). As explained by the Sentencing Commission, this cap was intended to "respond[] to concerns that base offense levels derived from the Drug Quantity Table in § 2D1.1 overstate the culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under § 3B1.2." U.S.S.G. App. C, Amendment 640.

Although defendant here was given a minor-role reduction, he was not given the benefit of the cap on his base offense level. Rather, his base offense level was deemed to be 38, based on the Drug Quantity Table, U.S.S.G. ch. 5, pt. A. If he had been given the benefit of the cap, along with the other reductions already applied by the district court, his total offense level would have been 25, with a sentencing range of 57 to 71 months, id., although a sentence below the mandatory minimum would not have been possible without a safety-valve departure. Thus, with the benefit of the cap but without the benefit of the safety valve, defendant should have been sentenced to the mandatory minimum of 120 months, rather than the 135 months he received.

Although defendant did not raise this argument either below or on appeal, the government correctly concedes that the error should be corrected under plain error review. As discussed above, the district court erred in failing to cap defendant's

base offense level at 30 as plainly required by section 2D1.1(a)(3) of the Guidelines. That error in Guidelines application also satisfies the third and fourth prongs of the plain error standard, United States v. Olano, 507 U.S. 725, 732 (1993), because it caused the court to substantially increase defendant's sentence. United States v. Sedoma, 332 F.3d 20, 29 (1st Cir. 2003). For that reason, we vacate the sentence and remand the case for resentencing.[1]

B. Safety-Valve Eligibility

The primary argument that defendant makes on appeal is that the district court erred in failing to consider whether defendant's initial statement, upon his arrest, sufficed to satisfy the fifth requirement for a safety-valve departure--that he "truthfully provide[] to the Government all information and evidence [he] has concerning the offense," 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5)[2]--despite defendant's refusal to submit to a safety-valve debriefing.

While it is true, at least theoretically, that a defendant may comply with the fifth safety-valve requirement without submitting to a debriefing, United States v. Montanez, 82

---

[1]Because we remand on the above ground, we need not consider the Booker-based argument for remand raised in defendant's Rule 28(j) letter. United States v. Caro-Muñiz, 406 F.3d 22, 24 n.1 (1st Cir. 2005).

[2]It is undisputed that defendant satisfied the four other safety-valve requirements.

F.3d 520, 523 (1st Cir. 1996), it remains defendant's burden "to persuade the district court that he has 'truthfully provided' the required information and evidence to the government." Id. Here, the defendant made no attempt to satisfy that burden or to seek a safety-valve departure at all. At the sentencing hearing, defense counsel repeatedly stated that he was seeking only a minor-role adjustment, not a safety-valve departure. Thus, the district court had no reason to consider or rule on defendant's eligibility for the safety valve, and it did not err in failing to do so. Cf. id. at 522 (finding error where district court denied a safety-valve departure because defendant had not been debriefed). A fortiori, the court did not err in failing to hold an evidentiary hearing on this issue where no such hearing was requested. Id. at 523.

The sentence is vacated and the case remanded for resentencing. See Local R. 27(c). On remand, the district court should take into account the now-advisory Guidelines range, including the 30-level cap on defendant's base offense level, along with the other factors enumerated in 18 U.S.C. § 3553(a), and may also consider, with or without taking additional evidence, whether defendant's initial statement on arrest satisfied the fifth requirement for the safety valve.