**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1596

UNITED STATES OF AMERICA,

Appellee,

v.

SIMEÓN PEÑA-HERNÁNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Rodney S. Dowell and Berman & Dowell on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, and Rosa Emilia
Rodriguez-Velez, United States Attorney, on brief for appellee.

April 10, 2007

**Per Curiam**.  This is an appeal from resentencing after remand from this court on defendant's prior appeal.  See United States v. Peña-Hernandez, No. 04-1489, 146 F. App'x 499 (1st Cir. Aug. 26, 2005) (per curiam) (unpublished).  In his present appeal, defendant's sole argument is that the government's refusal to give him another opportunity for a safety-valve debriefing[1] before his resentencing requires that the case be remanded for such a debriefing.

That argument is barred by the law of the case doctrine, under which "available claims of error not raised in an initial appeal may not be raised during subsequent appeals in the same case."  United States v. Moran, 393 F.3d 1, 11 (1st Cir. 2004) (emphasis omitted).  Although that doctrine is subject to exceptions, see United States v. Bell, 988 F.2d 247, 250-51 (1st Cir. 1993), none of those exceptions applies here.  Having not argued in the district court or in his first appeal that the government had a duty to offer him a third debriefing opportunity before his original sentencing--although he clearly had an incentive to do so at those times--the law of the case doctrine precludes him from making this argument in the present appeal.

---

[1]Before his original sentencing hearing, defendant was given two opportunities for a safety-valve debriefing, but, on both occasions, he refused to provide any information or to clarify the statements made at his post-arrest interview.  The government made clear at that time that it did not intend to offer defendant a third such opportunity.

Moran, 393 F.3d at 11; see also United States v. Ticchiarelli, 171 F.3d 24, at 28-29 (1st Cir. 1999).

Even on resentencing, while defendant repeatedly stated his willingness to undergo another debriefing, he never argued that the government was obligated to accept his offer. Accordingly, even if that argument was not waived under the law of the case doctrine, it was forfeited and is therefore reviewable only for plain error. See generally United States v. Olano, 507 U.S. 725, 734 (1993).

It is hardly "plain" that the government has a duty to give a defendant multiple opportunities for a safety-valve debriefing. To the contrary, "the government has a right to expect that a defendant who seeks the boon of the safety valve will make a clean breast of things; it has no obligation to interview him repeatedly in an effort to pry loose additional nuggets of information." United States v. Matos, 328 F.3d 34, 41-42 (1st Cir. 2003). Even assuming--without deciding--that a defendant may satisfy his disclosure obligations after his original sentencing but before his resentencing, but cf. 18 U.S.C. § 3553(f)(5) (requiring that such disclosures be made "not later than the time of the sentencing hearing" (emphasis added)), defendant certainly had no right to a debriefing once the resentencing hearing had begun, Matos, 328 F.3d at 39. Nor is this a case where a defendant's entitlement to a further debriefing opportunity can be

-3-

derived from a plea agreement; there was no such agreement here. Cf. id. at 42 (stating that this court would not allow the government to "play cat and mouse with defendants" with respect to the government's obligations under plea agreements).

Moreover, even if the district court had plainly erred in failing to require the government to give defendant a further debriefing opportunity and defendant was prejudiced thereby, its failure to do so would not satisfy the remaining prong of plain error review. Under the circumstances of this case, the lack of such an opportunity did not constitute a miscarriage of justice. Olano, 507 U.S. at 736.

Accordingly, the sentence is affirmed. See 1st Cir. Loc. R. 27.0(c).