UNITED STATES of America, Appellee,

v.

James A. JENKINS, Appellant.

No. 92–3348.

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1993.

Decided March 31, 1993.

Peter Blakeslee, Lincoln, NE, for appellant.

Alan L. Everett, Asst. U.S. Atty., Lincoln, NE, for appellee.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

James A. Jenkins appeals his sentence of twenty-four months imposed by the district court[1] after he pleaded guilty to firearm and narcotics charges. We affirm.

Jenkins pleaded guilty to one count of making a false statement to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B), and one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The presentence report (PSR) noted that Jenkins had three prior state convictions in Nebraska for possession of less than one ounce of marijuana, for which he had received fines. Over Jenkins's objection, the district court assigned one criminal history point for each marijuana possession offense. The district court also added four additional points for other prior offenses. Jenkins's seven criminal history points gave him a criminal history category of IV, which combined with a total offense level of 12 to yield a sentencing range of 21–27 months. Without the three criminal history points for the marijuana possession convictions, his criminal history category would have been III, and his sentencing range would have been 15–21 months.

Jenkins argues on appeal, as he did in the district court, that the marijuana possession convictions should not be included in his criminal history score, because they were merely infractions under Nebraska law. Jenkins's argument is unavailing. "How a state views an offense does not determine how the United States Sentencing Guidelines view that offense." *United States v. Lenfesty*, 923 F.2d 1293, 1300 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 1602, 113 L.Ed.2d 665 (1991). Jenkins's marijuana possession convictions each constitutes a "prior sentence" under the Guidelines, *see* U.S.S.G. § 4A1.2(a)(1), and merits one criminal history point, *see* U.S.S.G. § 4A1.1(c), unless they are otherwise excluded under the Guidelines.

Although the Guidelines exclude certain prior offenses "and offenses similar to

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

them" from an offender's criminal history score, *see* U.S.S.G. § 4A1.2(c)(1), (c)(2), Jenkins's marijuana possession offenses are not among those offenses on the exclusionary list nor can they be considered similar to them. *See United States v. Ziglin*, 964 F.2d 756, 758 (8th Cir.1992) (proper to count prior offenses of exhibiting deadly weapon in threatening manner and petty theft where offenses were not on exclusionary list of § 4A1.2(c)(1) and (c)(2) and were not similar to such listed offenses); *United States v. Mitchell*, 941 F.2d 690, 691 (8th Cir.1991) (giving the word "similar" under § 4A1.2(c) its normal meaning). Thus, the district court did not clearly err in including Jenkins's prior marijuana possession convictions in his criminal history score. *See United States v. Mitchell*, 941 F.2d at 691 n. 1 (clearly erroneous standard applies to decisions regarding similarity of prior offense to list of excluded offenses under § 4A1.2(c)(1) and (c)(2)).

■ Jenkins also argues that the marijuana possession convictions should have been excluded from his criminal history score because court documents failed to show he was represented by counsel. His argument is precluded by our decision in *United States v. Hewitt*, 942 F.2d 1270, 1276 (8th Cir.1991) (offender may not collaterally attack prior convictions used to calculate offender's criminal history score under Guidelines). Jenkins failed to produce a prior ruling invalidating the marijuana possession convictions.

Accordingly, we affirm.