**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patrick C. ROY, Defendant–Appellant.**

No. 96–1920.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 5, 1997.

Decided Sept. 29, 1997.

William T. Grimmer, Christina Lenko (argued), Law Student, Office of the United States Attorney, South Bend, IN, for Plaintiff–Appellee.

Allen E. Shoenberger (argued), Loyola University School of Law, Melissa A. Miroballi, Law Student, Chicago, IL, Defendant–Appellant.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Patrick C. Roy pleaded guilty to conspiracy to distribute marijuana in excess of 100 kilograms, in violation of 21 U.S.C. § 846. Based on the information provided by the presentence investigation report, the district court determined that Roy had a base offense level of 20 and a criminal history category of IV (seven criminal history points), placing him in a sentencing range of 51 to 63 months. Upon the recommendation of the government, the district court sentenced Roy to 51 months' imprisonment, three years' supervised release, and community service.

In calculating Roy's criminal history, the district court, over Roy's objection, assessed one criminal history point for a December 17, 1982 Michigan conviction for marijuana use. This conviction, the only penalty for which was a $130 fine, raised Roy's criminal history from a category III (41–51 months) to a category IV (51–63 months). Roy argued that it was improper to include this conviction as part of his criminal history because the use of marijuana is a minor offense similar to the offense of public intoxication, which is excluded from the calculation of a defendant's criminal history under § 4A1.2(c)(2) of the United States Sentencing Guidelines. The district court disagreed. Relying on *United States v. Martinez*, 956 F.2d 891 (9th Cir.1992), the district court reasoned that overuse of a legal substance is not comparable to the use of an illegal substance. This appeal followed.

■■■ Roy challenges the district court's application of § 4A1.1 and § 4A1.2 of the Guidelines from a variety of angles. The central issue, however, is whether a misdemeanor conviction for marijuana use is similar to public intoxication and thus excludable from Roy's criminal history calculation. § 4A1.2(c)(2). We review the district court's interpretation of the Guidelines de novo, and its factual findings for clear error. *United States v. Booker*, 71 F.3d 685, 688 (7th Cir. 1995); *United States v. Linnear*, 40 F.3d 215, 218 (7th Cir.1994).

Section 4A1.1 of the Guidelines outlines the method for assessing criminal history points that reflect the defendant's prior criminal conduct. Section 4A1.2 describes which prior sentences are counted in determining a Guidelines sentence.

§ 4A1.2(c) Sentences Counted and Excluded

Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

\* \* \*

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

Hitchhiking

Juvenile status offenses and truancy

Loitering

Minor traffic infractions (e.g., speeding)

*Public intoxication*

Vagrancy.

U.S.S.G. § 4A1.2(c) (emphasis added).

The law in this circuit is clear that "even though the predicate offense and sentence are defined under state law, the classification of each offense as excluded or included under guideline § 4A1.2(c) is a matter of federal law." *Booker*, 71 F.3d at 688–89. We must therefore determine whether marijuana use is "similar to" public intoxication under federal law.

This court has not adopted a formal analysis for determining whether a prior offense is "similar to" one of the enumerated exceptions. *See United States v. Binford*, 108 F.3d 723, 725 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997) ("We do not read *Caputo* and *Booker* as mandating any type of formal analysis for determining whether a defendant's prior offense is 'similar to' an offense listed in § 4A1.2(c)(1).") (emphasis added). A common sense comparison of marijuana use and public intoxication reveals their dissimilarity.

The Guidelines factor a defendant's prior criminal history into his sentence in an effort to penalize recidivist behavior, protect the public, and generally deter individuals from criminal behavior. 18 U.S.C. § 3553(a). In order to ferret out those offenses that do not serve the goals of sentencing, the Guidelines

do not count all misdemeanor sentences in calculating a defendant's criminal history. *See Introductory Commentary,* U.S.S.G. § 4A. Although a misdemeanor, marijuana use is not an offense that warrants exclusion from a defendant's criminal history. An individual's decision to use an illicit drug is more culpable and involves more criminal intent than an individual's overindulgence in what is typically meant by intoxication, namely, alcohol—a non-controlled substance. *See Martinez,* 956 F.2d at 893 (holding that use of a controlled substance is not "similar to" public intoxication). To use marijuana one must first obtain it, which "suggests a more calculating, a more resourceful, and a more dangerous criminal" than one who drinks to excess. *United States v. Caputo,* 978 F.2d 972, 977–78 (7th Cir.1992) (holding that "[t]he driver who expends resources to obtain forged or otherwise fraudulent documentation to enable him to drive" is not "similar to" one who drives without a license under § 4A1.2(c)(1)). Marijuana use is therefore not "similar to" public intoxication.

At sentencing, neither Roy nor the government raised the issue of whether marijuana use is excluded from his criminal history under § 4A1.2(c)(1).[1] Roy raises this issue, without further elaboration, for the first time on appeal.[2] Roy waived this argument by failing to explain how marijuana use is similar to any of the listed offenses. *See Bratton v. Roadway Package Sys., Inc.,* 77 F.3d 168, 173 n. 1 (7th Cir.1996) (argument that is not developed in any meaningful way is waived). Even if he had not waived the argument, given that marijuana use is not listed as one of the prior offenses that may be excluded and is not clearly similar to any of them, it is hard to see how the district court plainly erred by including Roy's marijuana use conviction as part of his criminal history. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) ("'Plain [error]' is synonymous with 'clear' or, equivalently, 'obvious' [error].").

As marijuana use is not "similar to" public intoxication under § 4A1.2(c)(2), the judgment of the district court is AFFIRMED.

1. Sentences for misdemeanor and petty offenses are counted, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
  Careless or reckless driving
  Contempt of court
  Disorderly conduct or disturbing the peace
  Driving without a license or with a revoked or suspended license
  False information to a police officer
  Fish and game violations
  Gambling
  Hindering or failure to obey a police officer
  Insufficient funds check
  Leaving the scene of an accident
  Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
  Non-support
  Prostitution
  Resisting arrest
  Trespassing
U.S.S.G. § 4A1.2(c)(1).

2. The government's response is rather confusing. The government erroneously assumes that if we conclude that marijuana use is not "similar to" public intoxication under § 4A1.2(c)(2), we will not reach the issue raised by § 4A1.2(c)(1). However, a defendant's prior convictions can be excluded from his criminal history under either of these provisions.