# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1489

———————

United States of America,

        Appellee,

v.

Mario E. Miranda,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: December 7, 2004
Filed: December 13, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

A September 1998 indictment charged that Mario Miranda possessed methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). In April 1999, while on pretrial release, Miranda failed to report as directed. He was eventually arrested in August 2003, and shortly thereafter he entered into a plea agreement. Upon his guilty plea, the district court[1] sentenced Miranda to 168 months' imprisonment and 3 years' supervised release.

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

On appeal, Miranda argues that the district court clearly erred in assessing criminal history points for two prior marijuana-possession convictions that were uncounseled, and in finding he had not accepted responsibility. We reject both arguments. First, the district court did not clearly err in the criminal-history computation: Miranda admitted at sentencing that he received assistance of counsel in both cases. In any event, the convictions were misdeamenors and Miranda received no prison terms; thus, they were properly counted. See U.S.S.G. § 4A1.2(c); U.S.S.G. § 4A1.2, comment. (backg'd.); United States v. Jenkins, 989 F.2d 979, 979-980 (8th Cir. 1993). Second, the court did not clearly err in denying an acceptance-of-responsibility reduction. The court properly granted an obstruction-of-justice enhancement because Miranda had evaded arrest for four years, and Miranda's case did not present circumstances warranting both the enhancement and a reduction. See U.S.S.G. § 3E1.1 comment. (n.4) (only in extraordinary case may adjustments for both obstruction and acceptance apply); United States v. Honken, 184 F.3d 961, 969 (8th Cir.) (cessation of obstructive conduct coupled with guilty plea to underlying offense does not make case "extraordinary"), cert. denied, 528 U.S. 1056 (1999).

Accordingly, we affirm.

_____