NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 28, 2009
Decided February 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3892

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> RODNEY JONES, also known as <br> SPOTTY ROCK, also known as <br> ROADIE, <br> *Defendant-Appellant*. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division. <br><br> No. 05 CR 271 <br><br> Amy J. St. Eve, <br> *Judge*. |

**O R D E R**

Rodney Jones was charged with distributing crack cocaine, 21 U.S.C. § 841(a)(1), after a five-year investigation into the drug-trafficking activities of Mark Clark, a high-ranking member of the Gangster Disciples. Jones was one of Clark's subordinates. Throughout 2004 a confidential source working with the Drug Enforcement Administration made several purchases of crack from Jones. Jones pleaded guilty to one count of distributing crack and was sentenced to 10 years, the mandatory minimum.

Jones filed a notice of appeal, but his appointed counsel represents that the case is frivolous and seeks leave to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Jones has not

accepted this court's invitation to comment on counsel's brief. *See* CIR. R. 51(b). This court's review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Because Jones does not want his guilty plea set aside, counsel correctly bypasses discussion of potential issues concerning the voluntariness of Jones's plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). The only potential issue counsel considers is whether the district court erred when it overruled Jones's objection to his criminal history calculation and found Jones ineligible for safety-valve relief from the 10-year mandatory minimum sentence.

To qualify for safety-valve relief from a mandatory minimum sentence, a defendant cannot have more than one criminal history point. 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1). Jones has four prior convictions: two convictions in 1994 for possession of marijuana, one conviction in 1995 for manufacturing and delivering cannabis, and one conviction in 2005 for possession of heroin. Counsel for Jones contemplates, but rejects as frivolous, an argument that the 1995 conviction should have counted for one point and the other three convictions should have been excluded altogether from his criminal history.

At sentencing, Jones argued that his two prior convictions for possession of marijuana should not count for criminal history points because, he insisted, these were part of the relevant conduct for the present offense. Alternatively, Jones argued, the two marijuana possessions should not count because, in his view, they are analogous to the crimes excluded under U.S.S.G. § 4A1.2(c). Jones also argued that his conviction for possession of heroin should be excluded both because the offense occurred after the transaction in this case and because, he contradictorily asserted, it too was part of the relevant conduct in the present offense. The district court disagreed with Jones and counted all four convictions.

Counsel correctly concludes that Jones's argument that he has only one criminal history point and thus qualified for safety-valve relief is frivolous. The Guidelines define a prior sentence, which is included in a defendant's criminal history, as "a sentence imposed prior to sentencing in the instant offense, other than a sentence for conduct that is part of the instant offense." U.S.S.G. § 4A1.2 cmt. 1; *United States v. Liddell*, 492 F.3d 920, 922 (7th Cir. 2007). Conduct that is part of the instant offense is defined as relevant conduct under § 1B1.3, U.S.S.G. § 4A1.2 cmt. n.1, which states that a criminal offense constitutes relevant conduct to another offense if the two offenses are part of a common scheme or plan, U.S.S.G. § 1B1.3 cmt. n.9; *Hernandez*, 330 F.3d at 986-87. To determine a common scheme or plan, courts consider significant similarity, regularity, temporal proximity, as well as common victims, accomplices, purpose, or *modus operandi*. *United States v. Farmer*, 543 F.3d 363, 373 (7th Cir. 2008).

According to Jones, his three prior convictions were relevant conduct to this case and this should have been excluded from his criminal history for failing to satisfy the definition of prior sentence. The one similarity between Jones's marijuana convictions and his conviction here for distributing crack—that all three crimes involved drugs—is not enough to show a common plan or scheme. *See United States v. Brown*, 209 F.3d 1020, 1024 (7th Cir. 2000). In fact, at sentencing Jones did not even argue that his marijuana convictions met any of the criteria that might evidence a common scheme or plan. Jones's convictions for marijuana possession occurred a full 10 years before his conviction in this case and did not involve common victims, accomplices, purpose, or *modus operandi*. Thus, the two prior convictions were correctly included in his criminal history calculation because the convictions constitute prior sentences under § 4A1.2(a).

Jones's alternative argument for excluding his two prior convictions for marijuana possession is likewise frivolous. Section 4A1.2(c) does not list any offense similar to drug possession, and no court has held that a prior sentence for marijuana possession can be excluded from criminal history calculation on the basis of a perceived similarity to an offense listed in § 4A1.2(c). *See United States v. Jenkins*, 989 F.2d 979, 979-80 (8th Cir. 1993) (holding that possession of marijuana is not similar to the offenses enumerated in § 4A1.2(c)). Because the inclusion of Jones's two prior convictions for marijuana possession brings him above the one criminal history point required for safety-valve relief, the court need not consider his conviction for possession of heroin.

Even supposing, however, that Jones had only one criminal history point, he would nonetheless be ineligible for safety-valve relief because the district court found that he did not provide the government with full and truthful information regarding the crack cocaine distribution offense and all relevant conduct. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). That finding is reviewed for clear error, *United States v. Martinez*, 301 F.3d 860, 866 (7th Cir. 2002), and it would be frivolous to argue that the district court clearly erred where Jones did not even meet with the government to make a proffer of information.

Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.