SUMMARY ORDER
Defendants Leo Muse and Darrell Hil-lard appeal from their judgments of conviction entered on February 13, 2008 in the Northern District of New York (Scullin, /.) for conspiracy to distribute and possess with intent to distribute an unspecified quantity of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). On appeal, defendants challenge (1) the sufficiency of the evidence supporting the district court’s drug quantity finding; (2) the three-level enhancement for their roles as supervisors of a conspiracy involving five or more participants; (3) certain points associated with their criminal history calculations. We assume the parties’ familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.
I. Drug Quantity
In reviewing a drug quantity finding, “we are mindful that the district court has broad discretion to consider all relevant information and the quantity determination will not be disturbed unless it is clearly erroneous.” United States v. Snow, 462 F.3d 55, 72 (2d Cir.2006) (internal quotation marks omitted). “To reject a finding of fact as clearly erroneous, we must, upon review of the entire record, be left with the definite and firm conviction that a mistake has been committed.” Id. (internal quotation marks omitted). In the absence of a drug seizure that accurately reflects the quantity of drugs involved in the offense, the Sentencing Guidelines counsel sentencing courts to “approximate the quantity of the controlled substance.” U.S. S.G. § 2D1.1, cmt. n. 12. The sentencing court must consider “all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction.” U.S.S.G. § lB1.3(a)(2).
At sentencing, Muse argued that he was only responsible for 38.34 grams of heroin and Hillard asserted that his drug *396 quantity should be limited to 10-20 grams. The district court determined that defendants were accountable for 100-400 grams of heroin. We conclude that the record evidence supports this finding. We initially note defendants’ stipulation to responsibility for almost 40 grams of heroin based on intercepted telephone conversations in which they were involved, and the amount investigators seized in a search of Muse’s beauty shop. In addition to this stipulated evidence, three accomplices who worked for defendants testified at the sentencing hearing to having obtained an amount of heroin well within the range found by the district court. Nor do we find merit in defendants’ challenge to the credibility of the accomplice testimony. A district court’s findings regarding the credibility of witnesses are given “strong deference,” United States v. McLean, 287 F.3d 127, 133 (2d Cir.2002), and there are no grounds upon which to disturb those findings in this case. Accordingly, the record evidence was more than sufficient to sustain the district court’s drug quantity finding.
II. “Supervisory Role ” Enhancement
Defendants also challenge the district court’s three level sentence enhancement based on its determination that they were supervisors or managers of a criminal activity involving five or more participants. We review a district court’s factual findings concerning a defendant’s role in the offense for clear error and its conclusion as to whether a defendant is a manager, supervisor organizer or leader de novo. See United States v. Wisniewski, 121 F.3d 54, 57-58 (2d Cir.1997). Section 3B 1.1(b) of the Guidelines provides for a three level enhancement “[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.” A defendant acts as “a manager or supervisor if he exercised some degree of control over others involved in the commission of the offense ... or played a significant role in the decision to recruit or to supervise lower-level participants.” United States v. Al-Sadawi, 432 F.3d 419, 426-27 (2d Cir.2005) (alterations in original) (internal quotation marks omitted). The government must prove the defendant’s aggravating role in the offense by a preponderance of the evidence. See United States v. BHnkworth, 68 F.3d 633, 641 (2d Cir.1995).
The presentence report (“PSR”) recommended a three-level adjustment under U.S.S.G. § 3B 1.1(b) for both defendants based upon their supervisory role in the offense, i.e., their employment of three other co-conspirators to obtain and transport heroin from New Jersey for distribution in Syracuse, N.Y. The district court, in addition to adopting the facts in each defendant’s PSR, determined, “based upon the facts that the court found to be credible in the hearing ... both defendants are characterized as supervisor, manager [and] the conspiracy involved five or more participants.” We conclude that the evidence adduced at the sentencing hearing sufficiently established defendants’ supervisory role in the offense. Moreover, contrary to defendants’ assertion, they need not have supervised five people for the enhancement to apply. “The requirements of § 3Bl.l(b) are met if the defendant was a manager or supervisor and the criminal activity itself involved at least five participants; the defendant need not be the manager of more than one other person.” United States v. Payne, 63 F.3d 1200, 1212 (2d Cir.1995). Here, the admissions in defendants’ guilty pleas, the co-conspirator testimony, and the intercepted wiretap conversations admitted into evidence at the sentencing hearing demonstrate that there were at least five participants in the drug conspiracy.
*397 III. Remaining Arguments
Hillard additionally argues that the district court erred in finding that he committed the instant offense within two years of his release from prison. As a result of this determination, the district court added two levels to his criminal history calculation under U.S.S.G. § 4Al.l(e). According to the PSR, Hillard completed serving a sentence on a felony drug conviction in July 2002. He argues on appeal that he did not become involved in the conspiracy until September 2004. We note, however, that the instant indictment charged Hillard with a conspiracy beginning “in or before the month of April 2004,” and, as part of the factual basis for his guilty plea, he acknowledged that “[djuring the time period charged in the Indictment [he] conspired with [the co-conspirators] and others to distribute and possess with the intent to distribute heroin.” Moreover, there is sufficient evidence in the record to support a finding that Hillard’s relevant conduct took place well within the two year time frame required by § 4Al.l(e). Committee note five of § 4A1.1 provides that “[t]wo points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) less than two years following release from confinement.” (emphasis added). There was evidence that Hillard supervised Joseph Sampson’s transportation of heroin from New Jersey to Syracuse in late 2003 or early 2004, and Sampson’s sale of heroin in Syracuse for the prior six months. There was also evidence that Hillard supervised James Edward’s transportation of heroin from New Jersey to Syracuse in early 2004. Accordingly, Hillard’s argument is without merit.
Muse challenges the district court’s calculation of his criminal history category on the ground that the court erroneously added a criminal history point for his 2002 conviction for unlawful possession of marijuana. Muse asserts that unlawful possession of marijuana should not count because it is “more similar to a minor traffic infraction or public intoxication.” Indeed, minor traffic infractions, such as speeding tickets, are specifically identified as offenses that are never counted; drug possession, however, is not on this list. See U.S.S.G. § 4A1.2(e)(2). Although offenses “similar to” the offenses listed in § 4A1.2(e)(l), “by whatever name they are known,” are also excluded, we conclude that marijuana possession is not a “similar” offense. The elements of unlawful drug possession are not similar to a minor traffic infraction, or any other excepted offense. Id.
Accordingly, for the reasons set forth above, the judgments of the district court are hereby AFFIRMED.