PER CURIAM: *
The government appeals the sentence imposed by the district court on the grounds that it failed to consider the defendant’s criminal history as set forth in the revised PSR. Because any error committed by the district court was not clear or obvious, we affirm.
I.
Ricardo Ventura pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. The initial PSR indicated that Ventura had no criminal *391 history points. Because of his lack of criminal history, Ventura satisfied the requirements for application of the safety valve. See U.S.S.G. § 5015(a)(1). The initial PSR further recommended a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. A revised PSR was submitted the day before Ventura’s sentencing hearing. The revised PSR amended Ventura’s criminal history score from I to II, to reflect two prior state court convictions for misdemeanor possession of marijuana. The revision to the criminal history score resulted in Ventura no longer being eligible for application of the safety valve reduction or the three-level reduction for acceptance of responsibility.
At sentencing, Ventura objected to the amended PSR’s recommendation that he was no longer eligible for a three-level reduction for acceptance of responsibility. In response to Ventura’s objection, the district court stated it would “give Ventura the benefit of the doubt [and] just go with the original calculation” on the three-level reduction for acceptance of responsibility. When imposing the sentence, the district court, without stating its reasons, concluded that Ventura’s total offense level was 17, his criminal history category was I, and that his guideline sentencing range was 24 to 30 months. The district court sentenced Ventura to 27 months of imprisonment. After the sentence was imposed, the probation officer alerted the court that Ventura was no longer eligible for the safety valve reduction and therefore the mandatory minimum sentence would apply. The district court stated “if the [government wants to appeal, they can appeal. I’m not going to go back over that.” The government made no objections during the sentencing hearing.
II.
On appeal, the government argues for the first time that the district court committed error by applying the safety valve reduction when the revised PSR indicated that Ventura had more than one criminal history point. In response to the government’s argument, Ventura asserts that pursuant to U.S.S.G. § 4A1.2(c) his misdemeanor possession of marijuana offenses, for which he paid only a fine, should not be calculated as part of his criminal history score. Ventura argues that his marijuana offenses are Class B misdemeanors that carry the same punishment as the offenses listed in § 4A1.2(c) and are therefore “similar to” the listed offenses.
III.
Because the government failed to object to the district court’s calculation of Ventura’s criminal history score and application of the safety valve, this court reviews the government’s arguments on appeal for plain error. See United States v. Willingham, 497 F.3d 541, 544 (5th Cir. 2007) (reviewing district court’s downward departure for plain error when government raised error for first time on appeal).[1] Under our plain error standard, *392 the government must show an error that is plain and that affects substantial rights. See United States v. Duhon, 541 F.3d 391, 397 (5th Cir.2008). Further, “we cannot correct an error that was not preserved unless the error ‘seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.’ ” Id. (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
The district court may not impose a sentence below the statutory minimum sentence unless the government moves for a sentence reduction based on the defendant’s substantial assistance or the defendant qualifies for a safety-valve sentence reduction as set forth in 18 U.S.C. § 3553(f). United States v. Harper, 527 F.3d 396, 411 (5th Cir.2008). The government did not move for a reduction of Ventura’s sentence. Thus, the district court committed error if it improperly applied the safety value reduction. The safety valve does not apply when a criminal defendant’s history score is more than I. U.S.S.G. § 5C1.2(a)(l). In this case, it would be error for the district court to apply the safety value reduction to Ventura’s sentence if the possession offenses should not have been counted as part of his criminal history score. If the possession offenses are not counted, Ventura would have a criminal history score of I.
U.S.S.G. § 4A1.2(c)(2) provides that sentences for certain listed prior offenses and “offenses similar to them, by whatever name they are known, are never counted.” Ventura asserts that misdemeanor possession of marijuana is similar to the listed offense of public intoxication. See U.S.S.G. § 4A1.2(c). At least one court has disagreed with Ventura’s argument. See United States v. Russell, 564 F.3d 200, 206-07 (3d Cir.2009) (finding that it would be “absurd” if a conviction of misdemeanor marijuana possession were not counted in a defendant’s criminal history calculation); see also United States v. Collington, 418 Fed.Appx. 251, 255-56 (4th Cir.2011) (slip copy) (holding that defendant’s conviction for marijuana possession for which he received a fine merits a criminal history point pursuant to § 4A1.2(c)); United States v. Johns, 347 Fed.Appx. 240, 242 (7th Cir.2009) (finding that possession of marijuana is not similar to any of the offenses listed in § 4A1.2(c) and should thus be counted in defendant’s criminal history score).
We need not determine whether misdemeanor possession of marijuana is not similar to public intoxication such that the district court committed error when it failed to include the possession offenses in Ventura’s criminal history score, because any error was not plain. Whether misdemeanor possession of marijuana is similar to an offense listed in § 4A1.2(c)(2) has not previously been decided by this court. Accordingly, any error by the district court was not clear or obvious. See United States v. Salinas, 480 F.3d 750, 759 (5th Cir.2007); see also United States v. Alcala-Avalos, 373 Fed.Appx. 431, 433 (5th Cir.2010) (finding that a lack of published Fifth Circuit decisions renders any error “not obvious”); United States v. Howell, 351 Fed.Appx. 959, 960 (5th Cir.2009); United States v. Fambro, 526 F.3d 836, 847 (5th Cir.2008). Moreover, the government has failed to show that any error “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.” Olano, 507 U.S. at 732, 113 S.Ct. 1770 (citations omitted). Ventura’s sentence should therefore be affirmed.
AFFIRMED.

 Pursuant to 5th Cm. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cm R. 47.5.4.

. After the district court imposed the sentence and while it was recommending a drug treatment program, the probation officer alerted the district court to the applicability of the safety valve. The probation officer’s statements after the sentence had been imposed were insufficient to preserve error on behalf of the government. The Probation Department is an arm of the court, not a representative of the government’s interests. See United States v. Talbert, 501 F.3d 449, 453 (5th Cir. 2007). Counsel for the government spoke only once at the sentencing hearing — to state his appearance. The government had at least two opportunities to object to the district court's sentence when the alleged error could have been corrected, but did not. As such, the government failed to make its position *392 clear to the district court such that any objection would be futile. See United States v. Krumnow, 476 F.3d 294, 296-97 (5th Cir. 2007).