[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15204
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20431-KMM-12


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

GARY JOHNSON, JR.,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 18, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Gary Johnson, Jr., appeals his 46-month sentence, imposed following his

conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. After a thorough review of the record, we affirm the sentence imposed.

Johnson was charged along with numerous others with a drug conspiracy. He pleaded guilty and admitted that he distributed at least 200 grams but less than 300 grams of cocaine over a period of about eight months.

The probation officer determined Johnson's adjusted offense level to be 17 based on the amount of drugs involved and Johnson's acceptance of responsibility. Calculating Johnson's criminal history, the probation officer assigned one point under U.S.S.G. § 4A1.2(c) for a 2006 state-court conviction for possession of marijuana. With a total of 12 criminal history points, Johnson's criminal history category was V, which yielded a sentencing range of 46 to 57 months' imprisonment.

Johnson objected to the criminal history point for his marijuana possession, arguing that the offense was similar to public intoxication, which would not receive any criminal history points. The court overruled the objection, finding that the offenses exempt from points under § 4A1.2(c) did not include drug possession. After considering the arguments, the guideline range, and the sentencing factors, the court sentenced Johnson to 46 months' imprisonment. Johnson now appeals, challenging the criminal history calculations.

We review the district court's interpretation and application of the guidelines *de novo*. *United States v. McQueen*, 670 F.3d 1168, 1169 (11th Cir. 2012). Any error that does not affect substantial rights, however, may be disregarded as harmless. Fed. R. Crim. P. 52(a).

The sentencing guidelines assign criminal history points for certain prior convictions. U.S.S.G. § 4A1.2. Sentences for misdemeanors and petty offenses are counted, with certain exceptions. *Id.* § 4A1.2(c). Public intoxication is one of the crimes that is not counted, along with "offenses similar to them, by whatever name they are known." *Id.* § 4A1.2(c)(2).

Although this circuit has not yet considered, in a published opinion, whether marijuana possession is similar to public intoxication for purposes of criminal history calculations, we need not address it here.[1] Under the sentencing guidelines, the calculation of ten, eleven, or twelve points falls in category V. The court determined that Johnson had twelve points. Thus, even if we agreed that the court erred in its calculations, Johnson's eleven points would still yield a category

---

[1] At least two circuits have concluded that drug possession and public intoxication are not similar for purposes of § 4A1.2(c). *United States v. Russell*, 564 F.3d 200, 206–07 (3d Cir. 2009) (concluding, under plain error review, that marijuana possession was not similar to public intoxication); *United States v. Roy*, 126 F.3d 953, 954–55 (7th Cir. 1997) (concluding, under *de novo* and plain error review, that marijuana possession was not similar to public intoxication).

V and any error by the district court was harmless.[2] *See* U.S.S.G. Sentencing Table. Accordingly, we affirm the sentence imposed.

**AFFIRMED.**

---

[2]We note that Johnson raised other objections to the criminal history calculations which, if sustained, could have reduced his criminal history category to III. Although he preserved his objections before the district court, he does not raise them on appeal, and in fact he concedes that the court did not err. Thus, these objections do not impact our harmless-error analysis.