# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2402

_____

United States of America

*Plaintiff - Appellee*

v.

David Donald Foote

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 14, 2012
Filed: January 28, 2013

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

David Donald Foote appeals from his sentence after the district court[1] found him ineligible for the safety valve in 18 U.S.C. § 3553(f). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

I.

Foote pled guilty to conspiring to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The plea agreement noted the possibility of a shorter sentence under 18 U.S.C. § 3553(f), commonly called the "safety valve." Previously, Foote had been convicted of a misdemeanor for driving while under the influence, and a petty misdemeanor for possession of 0.4 grams of marijuana.[2] Due to these two convictions, the district court found he was not eligible for the safety valve. He received the statutory minimum sentence of 60 months.

This court reviews the interpretation of 18 U.S.C. § 3553(f) de novo. *United States v. Barrientos*, 670 F.3d 870, 873 (8th Cir. 2012); *United States v. Gomez-Perez*, 452 F.3d 739, 741 (8th Cir. 2006). The district court's factual findings on safety-valve eligibility are reviewed for clear error. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005) (en banc).

"Safety-valve relief allows the district court to disregard an applicable statutory minimum if certain requirements are met." *United States v. Barrera*, 562 F.3d 899, 902 (8th Cir. 2009), *citing* **18 U.S.C. § 3553(f)**. The requirements relevant here are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> . . . ; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that

---

[2]The Presentence Investigation Report (which received no objection) states Foote paid a $50 fine for his possession of marijuana. During his sentencing hearing, Foote said, "I paid the $115 fine."

the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

**§ 3553(f)**.  The defendant carries the burden to prove eligibility.  ***United States v. Razo-Guerra***, 534 F.3d 970, 974 (8th Cir. 2008).  If Foote fails to satisfy any of the factors, he must receive the minimum statutory sentence of 60 months' imprisonment.

II.

The main issue here is whether Foote has a second point of criminal history that would disqualify him from the safety valve.  He argues that his petty-misdemeanor conviction for possession of marijuana does not count as a point.  True, a petty misdemeanor is not a crime in Minnesota, **Minn. Stat. § 609.02, subd. 4a**, but "how a state views an offense does not determine how the United States Sentencing Guidelines view that offense." ***United States v. Jenkins***, 989 F.2d 979, 979 (8th Cir. 1993) (holding that state convictions for possession of small amounts of marijuana constitute prior sentences under the guidelines and merit points of criminal history). The Sentencing Guidelines make clear that in a federal case, all prior sentences are points of criminal history unless specifically exempted.  **U.S.S.G. §§ 4A1.1, 4A1.2**. A prior sentence is any punishment imposed upon the adjudication of guilt. **§ 4A1.2(a)(1)**.  The Guidelines are "explicitly designed to apply to prior sentences in which only a fine was ordered." ***United States v. Strange***, 102 F.3d 356, 363 n.9 (8th Cir. 1996); *see also* ***United States v. Yarrington***, 634 F.3d 440, 453 (8th Cir. 2011) (finding that a $50 fine was a "prior sentence" under the Guidelines).  Foote's fine for possession of marijuana is a prior sentence.

The Guidelines do exclude some prior sentences from being considered as points of criminal history.  **U.S.S.G. § 4A1.2(c)(2)** (e.g., minor traffic infractions and

public intoxication). Foote asserts that his possession of a small amount of marijuana is similar to a minor traffic infraction. To determine whether the possession of marijuana is similar to an uncounted offense like a minor traffic infraction, the Guidelines provide a "common sense" analysis: "(i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." **§ 4A1.2 cmt. n.12(A)**.

The punishments as well as the perceived seriousness of minor traffic infractions are similar to those for possession of small amounts of marijuana. Both are petty misdemeanors under Minnesota law. **Minn. Stat. § 169.89, subd. 1** (traffic infractions); **§ 152.027, subd. 4** (small amounts of marijuana). Both have a maximum fine of $300. **§ 169.89, subd. 2** ("If convicted [of a minor traffic infraction], the person is not subject to imprisonment but shall be punished by a fine of not more than $300."); **§ 609.02, subd. 4a** ("'Petty misdemeanor' means a petty offense which is prohibited by statute, which does not constitute a crime and for which a sentence of a fine of not more than $300 may be imposed."). However, a conviction for marijuana possession is more serious than a minor traffic infraction because the statute requires the defendant to attend a drug-education program (unless the court finds, in writing, it is inappropriate). **§ 152.027, subd. 4**.

The two types of offenses also differ in their elements, culpability, and likelihood of recurrence. The elements of possession share little with those of a traffic offense. Drug possession requires mens rea, where most traffic offenses do not. *Compare **State v. Benniefield***, 678 N.W.2d 42, 48 (Minn. 2004) ("We have implied a mens rea requirement for the possession of a controlled substance."), *citing **State v. Florine***, 226 N.W.2d 609, 610 (Minn. 1975); *with **State v. Bauer***, 776 N.W.2d 462, 478 n.3 (Minn. Ct. App. 2009), *quoting **Black's Law Dictionary*** 429 (9th ed. 2009) (stating that traffic offenses are strict-liability offenses).

Because of the mens rea element of a possession offense, Foote's previous conviction had a higher level of culpability than an ordinary traffic infraction. Foote knew or reasonably should have known that possession of marijuana was illegal when he sought and obtained the drug. Drug possession "suggests a more calculating, a more resourceful, and a more dangerous criminal" than someone who commits a minor traffic infraction. *United States v. Roy*, 126 F.3d 953, 955 (7th Cir. 1997) (holding that marijuana use is not similar to public intoxication), *quoting United States v. Caputo*, 978 F.2d 972, 977-78 (7th Cir. 1992).

As for recurring conduct, this court looks to "the circumstances present at the time of [the] prior offense" to determine whether it indicates a likelihood of recurring criminal conduct. *United States v. Grob*, 625 F.3d 1209, 1217 (9th Cir. 2010); *see also United States v. Booker*, 71 F.3d 685, 690 (7th Cir. 1995). "Because a primary goal of the Guidelines is to reduce recidivism, see 18 U.S.C. § 3553(a)(2), the more a violation indicates recurring criminal conduct, the more likely the Guidelines are to include it in a prior history score." *United States v. Hines*, 628 F.3d 101, 113 (3d Cir. 2010). "The Sentencing Commission has determined that convictions for crimes involving illegal narcotics correlate strongly to recidivism." *Id.*, *citing* **U.S. Sentencing Comm'n**, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, 13, 29-30 (2004). Foote's marijuana-possession conviction indicates a likelihood of recurring criminal conduct (certainly more so than would, for example, a minor traffic infraction).

No circuit has held that possession of marijuana (or other drugs) is similar to any of the Guidelines' enumerated exceptions. *See United States v. Wright*, 329 Fed. Appx. 42, 43-44 (8th Cir. 2009) (per curiam) (dismissing defendant's argument that marijuana possession charges should not be included in points of criminal history); *United States v. Hatch*, 94 Fed. Appx. 427, 429 (8th Cir. 2004) (per curiam) (possession of drug paraphernalia not similar to enumerated exceptions); *see also,*

*e.g.*, *United States v. Mazza*, 11-3714-CR, 2012 WL 5519560, at *2 (2d Cir. Nov. 15, 2012) (summary order) (drug possession not an exception to a point of criminal history); *United States v. Johns*, 347 Fed. Appx. 240, 242 (7th Cir. 2009) (order) (marijuana possession not similar to listed offenses); *United States v. Russell*, 564 F.3d 200, 206 (3d Cir. 2009) ("[N]either common sense, nor an appropriate weighing of the relevant factors, supports a finding that marijuana possession is similar to public intoxication."); *United States v. Muse*, 311 Fed. Appx. 394, 397 (2d Cir. 2009) (summary order) (marijuana possession not similar to traffic infractions or public intoxication); *United States v. Jones*, 309 Fed. Appx. 63, 65 (7th Cir. 2009) (order) (marijuana possession not like listed exceptions, noting that "no court has held that a prior sentence for marijuana possession can be excluded from criminal history calculation on the basis of a perceived similarity to an offense listed in § 4A1.2(c)"); *cf.* *United States v. Johnson*, 477 Fed. Appx. 603, 604 (11th Cir. 2012) (per curiam) (declining to decide whether marijuana possession is similar to an enumerated offense, but noting that other circuits have held it is not); *United States v. Ventura*, 428 Fed. Appx. 390, 392 (5th Cir. 2011) (per curiam) (same); *Jenkins*, 989 F.2d at 980 (determining – though not through § 4A1.2 cmt. n.12(A) – that marijuana possession is not similar to the listed offenses in § 4A1.2).

A petty misdemeanor resulting in a fine is a sentence under the Guidelines, and this court holds that possession of marijuana is not similar to any enumerated exception. Foote has two points of criminal history.

III.

The fifth factor requires that a defendant truthfully provide all relevant or useful evidence before sentencing. *United States v. Alvarado*, 615 F.3d 916, 923 (8th Cir. 2010) (noting that the safety valve requires "complete and truthful" disclosure

of all information regarding involvement in a relevant crime). The district court ended its analysis at the safety valve's first requirement, finding Foote ineligible because he has two points of criminal history. At the time of sentencing, Foote had not disclosed all relevant and useful evidence. He made no attempt to prove truthful disclosure not later than the time of the sentencing hearing, and he did not seek continuance of his hearing. He recognizes he has not met the fifth factor but believes he can satisfy it on remand.

Foote relies on *Barrientos* to claim that a truthful disclosure issue is "moot in light of the district court's ruling on the criminal history point." ***Barrientos***, 670 F.3d at 873. However, *Barrientos* does not apply. There, the district court ruled that a prior conviction resulted in a criminal history point. ***Id.*** In light of that holding, the Government "expressly agreed" that a truthful-disclosure argument was moot *before the district court*, because the safety valve was foreclosed by the court's criminal-history ruling. ***Id.*** The district court in the first instance, therefore, had no reason to evaluate the truthful-disclosure argument. Making no further mention of truthful disclosure, this court reversed the district court's criminal-history ruling for improper procedure, and remanded for resentencing. ***Id.***

Here, the district court committed no error, and there will be no remand. Foote missed the statutory deadline to satisfy the fifth factor. *See* **18 U.S.C. § 3553(f)(5)** ("not later than the time of the sentencing hearing, the defendant [must] truthfully provide[] to the Government all information and evidence the defendant has concerning the offense").[3]

_____

[3]Because there is no resentencing here, this court does not decide whether – in the event of a resentencing – the defendant's truthful-disclosure requirement can be satisfied at resentencing, or whether it must be satisfied at the original sentencing hearing. *See* ***United States v. Madrigal***, 327 F.3d 738, 746-47 (8th Cir. 2003) ("[T]he Tenth Circuit has suggested that a defendant, under the right circumstances, may also

\* \* \* \* \* \* \*

Because of his two criminal history points and his failure to truthfully disclose not later than the time of his sentencing hearing, Foote is not eligible for the safety valve. The judgment of the district court is affirmed.

_____

---

qualify for safety valve relief if the defendant comes clean at resentencing."), *citing* **United States v. Acosta-Olivas**, 71 F.3d 375, 380 (10th Cir.1995); *see also* **United States v. Pena-Hernandez**, 221 Fed. Appx. 4, 6 (1st Cir. 2007) (per curiam).