# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3760
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Ruacho

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 25, 2013
Filed: March 11, 2014
[Published]

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Ruacho pleaded guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine, five kilograms or more of cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.

The district court[1] denied Ruacho statutory safety-valve relief because Ruacho had previously committed two minor offenses involving marijuana. The district court reluctantly sentenced Ruacho to the statutory mandatory minimum of 120 months' imprisonment. Ruacho makes two arguments on appeal. First, he contends that his 2010 conviction for possession of marijuana is sufficiently similar to public intoxication or disorderly conduct pursuant to U.S.S.G. § 4A1.2(c) to avoid an added criminal history point. Second, he similarly avers that his 2009 conviction for possession of marijuana in a motor vehicle is sufficiently similar to careless or reckless driving to avoid an added criminal history point based on this conviction. We affirm.

## I. *Background*

This case turns on Ruacho's criminal history. In 2009, he was convicted of misdemeanor possession of marijuana in a motor vehicle, in violation of Minnesota Statutes § 152.027, subdivision 3. When Ruacho was 18, an officer stopped him when he unintentionally turned the wrong way down a one-way street. When Ruacho opened his glove box, the officer spotted a small bag of marijuana. The officer issued Ruacho a citation. Ruacho pleaded guilty to the crime without a court appearance. He paid a $150 fine and $85 in court fees.

In 2010, Ruacho was a passenger in a car that police stopped. Police found a small amount of marijuana near Ruacho. Police again issued Ruacho a citation, which he resolved without a court appearance by pleading guilty to possession of a small amount of marijuana, in violation of Minnesota Statutes § 152.027, subdivision 4. He paid a $50 fine and court fees of $85.

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Following a series of controlled drug purchases, the government charged Ruacho with one count of conspiracy to distribute methamphetamine, cocaine, and marijuana; two counts of distribution of methamphetamine; and one count of distribution of cocaine for incidents that occurred between January 2009 and December 2010. Ruacho pleaded guilty to the conspiracy charge in April 2011. In return, the government dropped the remaining charges. The plea agreement acknowledged that Ruacho may be eligible for the statutory safety valve, which would eliminate the 120-month mandatory minimum sentence. It also stated that the parties believed Ruacho's criminal history category was I, but it recognized that Ruacho's criminal history category could be greater; if so, Ruacho agreed not to change his plea.

The United States Probation Office prepared a presentence report (PSR) that calculated an offense level of 29 and a criminal history category of II. A criminal history category of II made Ruacho ineligible for safety-valve relief. The Guidelines range became 120–121 months. Ruacho objected to the assessment of a criminal history point for his 2009 conviction of misdemeanor possession of marijuana in a motor vehicle and one criminal history point for his 2010 conviction for petty misdemeanor possession of marijuana.

The district court reluctantly overruled Ruacho's objection to the calculation of his criminal history category. The district court determined that both of Ruacho's prior marijuana convictions should each yield one criminal history point. The court found that those crimes are not sufficiently similar to the enumerated offenses in U.S.S.G. § 4A1.2(c) under the common-sense, multifactor balancing test set forth in Comment 12 of U.S.S.G. § 4A1.2 ("Amendment 709"). The district court noted that the statutory minimum sentence that it was "forced" to impose was "grossly excessive" and "grossly unfair." Although the district court thought the sentence "unjust," it also determined that the law required it. Thus, the district court sentenced Ruacho to the statutory mandatory minimum of 120 months' imprisonment. The

district court acknowledged that it would have sentenced Ruacho to only 60 months' imprisonment had he qualified for the safety valve.

## II. *Discussion*

Ruacho argues on appeal that (1) his 2010 conviction for possession of marijuana is sufficiently similar to public intoxication or disorderly conduct pursuant to U.S.S.G. § 4A1.2(c) such that the district court should not have awarded him a criminal history point for that conviction, and (2) his 2009 conviction for possession of marijuana in a motor vehicle is sufficiently similar to careless or reckless driving such that the district court should not have awarded him a criminal history point based on this conviction. The government counters by averring that these crimes are not sufficiently similar to any of the offenses enumerated in U.S.S.G. § 4A1.2(c). *See United States v. Foote*, 705 F.3d 305, 309 (8th Cir. 2013). Although we review factual findings as to safety-valve eligibility for clear error, we review interpretation of the statutory safety valve de novo. *Id.* at 306. Because Ruacho does not challenge factual findings here, we review Ruacho's safety-valve eligibility de novo.

Section 3553(f) of 18 U.S.C. describes a defendant's eligibility for the "safety valve," which enables the district court to avoid imposition of a mandatory minimum sentence. The statutory safety valve covers qualified defendants who were convicted of a crime under 21 U.S.C. §§ 841 and 846. 18 U.S.C. § 3553(f). The statute sets out five eligibility requirements. *Id.* The only eligibility requirement at issue here is that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." *Id.* at § 3553(f)(1). The Guidelines reflect this statutory provision. *See* U.S.S.G. §§ 5C1.2 and 2D1.1(b)(16). The defendant bears the burden of demonstrating entitlement to safety-valve relief. *Foote*, 705 F.3d at 306.

In calculating a defendant's criminal history score, we have observed that the Guidelines require that all prior sentences receive criminal history points unless specifically exempted. *Id.* at 307. Prior sentences include sentences where defendants

were required only to pay a small fine. *Foote*, 705 F.3d at 307. Thus, Ruacho's two marijuana convictions are prior sentences.

The Guidelines provide that sentences for misdemeanor and petty offenses are counted toward a defendant's criminal history score. However, certain enumerated offenses and "offenses similar" to those enumerated offenses are counted only if (A) the sentence resulted in probation greater than one year or imprisonment for at least 30 days, "or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). These enumerated offenses include careless or reckless driving, contempt of court, disorderly conduct, or disturbing the peace. U.S.S.G. § 4A1.2(c)(1). The Guidelines also provide that certain other enumerated offenses or "offenses similar" should never be counted. U.S.S.G. § 4A1.2(c)(2). These offenses include fish and game violations, hitchhiking, minor traffic infractions like speeding, and public intoxication. *Id.* Although petty misdemeanors are not considered "crimes" in Minnesota, *see* Minnesota Statutes § 609.02, subdivision 4A, "how a state views an offense does not determine how the United States Sentencing Guidelines view that offense." *Foote*, 705 F.3d at 307 (quotation and citation omitted).

In determining whether an offense is sufficiently similar to one of the enumerated offenses in U.S.S.G. § 4A1.2(c), the court must apply the test articulated in Amendment 709, which can be found in Comment 12 of U.S.S.G. § 4A1.2(c). It provides:

> In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 cmt. n.12. We have expressly adopted the test from Amendment 709, eschewing our previous "'elements' or 'essential characteristics' test." *United States v. Barrientos*, 670 F.3d 870, 871 (8th Cir. 2012) (citations omitted).

Mere months after Ruacho's sentencing, we decided that a petty misdemeanor conviction for possession of marijuana, in violation of Minnesota Statutes § 152.027, subdivision 4, qualifies for a criminal history point. *Foote*, 705 F.3d at 309. Foote argued that possession of marijuana is sufficiently similar to a minor traffic infraction such that the court should not award a criminal history point for that conviction. *Id.* at 307. We disagreed and, after performing the required Amendment 709 analysis, we held that this petty offense was significant enough to warrant a criminal history point. *Id.* at 309. We also "h[e]ld[] that possession of marijuana is not similar to any enumerated exception." *Id.* at 309.

A. *2010 Conviction for Possession of a Small Amount of Marijuana*

In order to avoid *Foote*, Ruacho compares his marijuana possession conviction to public intoxication or disorderly conduct. Public intoxication may never be counted in calculating a defendant's criminal history score. U.S.S.G. § 4A1.2(c)(2). Disorderly conduct may be counted if the defendant was sentenced to at least 30 days' imprisonment or at least one year of probation, or it was similar to the current offense. U.S.S.G. § 4A1.2(c)(1).

The government concedes that the first two factors—punishment comparison and seriousness of the offense—weigh in favor of Ruacho. Public intoxication is not a crime in Minnesota. Minn. Stat. § 340A.902. Disorderly conduct is a misdemeanor, so it is actually punished more heavily than a petty misdemeanor like possession of a small amount of marijuana. *See* Minn. Stat. § 609.72; Minn. Stat. § 609.02, subd. 3.

-6-

However, the elements of these crimes are completely different. Marijuana possession entails (1) a person who unlawfully possesses a small amount of marijuana.[2] Minn. Stat. § 152.027, subd. 4(a). The elements of disorderly conduct are (1) engaging in brawling or fighting, disturbing a lawful assembly or meeting, or engaging in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language; (2) tending reasonably to arouse alarm, anger, or resentment in others; (3) in a public or private place; (4) knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger or disturb others or provoke an assault or breach of the peace. Minn. Stat. § 609.72, subd. 1. Predictably, these crimes are found in separate chapters of the Minnesota Statutes because they involve completely different actions. No elements are the same. Ruacho contends that marijuana possession risks disturbing the peace, so the two crimes are sufficiently similar. However, virtually every law is designed to prevent disturbances of the peace to some extent. Ruacho's argument would envelop too many offenses. Thus, this factor weighs in favor of the government.

The *Foote* court has already decided the culpability and recidivism factors. The *Foote* court noted that "[d]rug possession 'suggests a more calculating, a more resourceful, and a more dangerous criminal' than someone who commits a minor traffic infraction." *Foote*, 705 F.3d at 308 (quoting *United States v. Roy*, 126 F.3d

---

[2]Defendants convicted of marijuana possession are required to participate in a drug education program unless the court determines it is inappropriate. Minn. Stat. § 152.027, subd. 4(a). The *Foote* court found this program significant in determining that marijuana possession is more serious than a minor traffic offense. *Foote*, 705 F.3d at 307. Ruacho argues that those convicted of a marijuana possession never participate in drug education programs in practice, so the *Foote* court was incorrect. While defendants may not actually attend these programs, the requirement of the drug-education program reflects the Minnesota legislature's view that marijuana possession is more serious than a minor traffic offense. However, the government concedes that marijuana possession is not as serious as disorderly conduct, so we weigh this factor in Ruacho's favor.

953, 955 (7th Cir. 1997)). The same observation applies here. Finally, the *Foote* court determined that convictions involving illegal narcotics correlate strongly to recidivism. *Foote*, 705 F.3d at 308. Although Ruacho argues that many teenagers experiment with small amounts of marijuana, we have already determined that this factor favors the government in narcotics cases.

Based on our Amendment 709 analysis, Ruacho has failed to demonstrate that possession of a small amount of marijuana is sufficiently similar to public intoxication, disorderly conduct, or any other enumerated offense. The *Foote* court also observed that "[n]o circuit has held that possession of marijuana (or other drugs) is similar to any of the Guidelines' enumerated exceptions." *Id.* (collecting cases).[3] We also note that the Sentencing Commission could have enumerated certain drug crimes like marijuana possession in U.S.S.G. § 4A1.2(c) if it intended that those convicted of such crimes are not to receive a criminal history point given the frequency of drug offense prosecutions in the federal courts. For these reasons, the district court properly awarded a criminal history point to Ruacho's criminal history score for his petty misdemeanor violation of possession of a small amount of marijuana.

B. *2009 Conviction for Possession of Marijuana in a Motor Vehicle*

Ruacho contends that the district court erred by adding a criminal history point for his 2009 conviction of possession of marijuana in a motor vehicle. Ruacho argues

---

[3]Ruacho cites a Fifth Circuit case holding that it was not plain error for the district court to fail to award a criminal history point for marijuana possession. *United States v. Ventura*, 428 F. App'x 390 (5th Cir. 2011). The court there determined that no plain error occurred because the Fifth Circuit had no clear precedent on the matter. *Id.* at 392. The court expressly declined to determine whether marijuana possession was similar to public intoxication under U.S.S.G. § 4A1.2(c). *Id.* Because the *Ventura* court applied plain-error review and expressly declined to answer the question with which we are now confronted, we conclude that it is inapposite.

that possession of marijuana in a motor vehicle is similar to the crimes of careless driving and reckless driving. The government again concedes that the first two factors, punishment and seriousness of the offense, weigh in Ruacho's favor. All three offenses have the same maximum penalty. Minn. Stat. § 609.03, subd. 3. However, the remaining factors weigh in favor of the government.

As for the third factor, different elements comprise the offenses. Possession of marijuana in a motor vehicle requires a showing that (1) the defendant is the owner or driver of a private motor vehicle, and (2) the defendant knowingly keeps or allows to be kept within the area of the vehicle normally occupied by the driver or passengers, more than 1.4 grams of marijuana. Minn. Stat. § 152.027, subd. 3. The elements of reckless driving are that (1) a person drives any vehicle (2) in such a manner as to indicate either a willful or a wonton disregard for the safety of people and property. Minn. Stat. § 169.13, subd. 1. The elements of careless driving are that (1) a person operates or halts a vehicle on any street or highway and (2) carelessly or heedlessly in disregard of the rights of others, or in a manner that endangers any property or person. Minn. Stat. § 169.13, subd. 2.

Ruacho argues that the elements of these offenses are sufficiently similar because all three involve operation of a motor vehicle. Additionally, possession of marijuana in a vehicle is both careless and reckless. However, the motor-vehicle overlap is not enough for this factor to weigh in favor of Ruacho. These crimes are listed in separate chapters of the Minnesota statutes. Furthermore, if the operating-a-motor-vehicle commonality suffices, then no criminal history points would be awarded for several driving-related offenses like driving under the influence of alcohol. The Tenth Circuit has expressly rejected Ruacho's argument:

> The superficial similarity that both offenses involve driving a car is overshadowed by the significant difference that [driving without proof of insurance] is concerned not with actually operating an automobile, as

is the [minor traffic infraction], but with failing to abide by regulations designed to assure that unsafe drivers are not on the road at all.

*United States v. Perez de Dios*, 237 F.3d 1192, 1199 (10th Cir. 2001) (citation omitted). We agree.

Furthermore, the level of culpability favors the government. Possession of marijuana requires that defendants knowingly commit a crime. Reckless and careless driving require only that defendants drive recklessly or carelessly without knowledge that they are committing a crime. *See Foote*, 705 F.3d at 308. Ruacho argues that several enumerated crimes also require "knowledge" or "purpose" like contempt of court, giving false information to a police officer, gambling, etc. *See* U.S.S.G. § 4A1.2(c) While this may be true, Ruacho does not ask us to compare marijuana possession with these crimes.

We are unpersuaded by Ruacho's arguments. We hold that the district court properly awarded Ruacho a criminal history point for his 2009 conviction for possession of marijuana in a motor vehicle.

## III. *Conclusion*

For these reasons, we affirm the district court's judgment.

_____