# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1444
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Rios-Sanchez, also known as Jose Rios

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: March 12, 2018
Filed: July 16, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jose Rios-Sanchez agreed to transport drugs from Washington to Arkansas in exchange for $1,500.00. When Nebraska State Patrol officers stopped Rios-Sanchez for expired license plates, he consented to a vehicle search. While conducting the search, the officers discovered seven pounds of methamphetamine in a cooler inside the vehicle and 1.3 grams of methamphetamine in Rios-Sanchez's sock. He pled

guilty to possession with intent to deliver 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Rios-Sanchez failed to appear at his sentencing hearing scheduled for January 23, 2002. He evaded capture for over fourteen years before he was finally located living in Wyoming. The district court[1] sentenced Rios-Sanchez to a statutory minimum term of 120 months' imprisonment. On appeal, Rios-Sanchez argues that the district court erred when it found that he failed to qualify for safety-valve relief. We affirm.

## I.    Background

In 2001, Rios-Sanchez lived with his wife and children in Washington. In order to supplement his income, Rios-Sanchez agreed to deliver drugs to an individual in Arkansas at the request of his brother's brother-in-law. He never made the delivery, as he was stopped by law enforcement officers in Nebraska for expired license plates. Rios-Sanchez consented to a search, which revealed seven pounds of methamphetamine in a cooler and 1.3 grams of methamphetamine in his sock.

Rios-Sanchez pled guilty to possession with intent to deliver 500 grams or more of methamphetamine. He faced a ten-year mandatory minimum penalty. Rios-Sanchez fled the jurisdiction and did not appear for his sentencing hearing. He moved with his wife and children to Wyoming where he lived until he was located by law enforcement on October 11, 2016.

A sentencing hearing was held on February 16, 2017, during which the district court determined that Rios-Sanchez was ineligible for relief under the safety-valve provisions of 18 U.S.C. § 3553(f) and United States Sentencing Guidelines § 5C1.2(a) because Rios-Sanchez had failed to provide all information and evidence

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

he had concerning the offense before his January 2002 sentencing hearing. In support of his motion for a minor role reduction, Rios-Sanchez testified at the February 2017 sentencing hearing. He also provided a written safety-valve statement. The district court found that, while some of the testimony Rios-Sanchez provided had "a ring of truth to it," other testimony about the circumstances of the offense simply was not credible.

The court denied Rios-Sanchez's motion for relief under the safety-valve and for a minor role adjustment. The district court found that Rios-Sanchez's base offense level was 32, which was increased to level 34 because he obstructed justice. In criminal history category I, Rios-Sanchez's applicable advisory guideline range was 151 to 188 months. The court granted a downward variance based on Rios-Sanchez's physical condition and sentenced him to a term of 120 months' imprisonment to be followed by a five-year term of supervised release.

On appeal, Rios-Sanchez argues that the district court's erroneous interpretation of 18 U.S.C. § 3553(f) deprived him of the opportunity to be sentenced below the statutory minimum.

## II.    Discussion

We review factual findings as to safety-valve eligibility for clear error and interpretation of the statutory safety-valve de novo. United States v. Ruacho, 746 F.3d 850, 853 (8th Cir. 2014). 18 U.S.C.§ 3553(f) allows a district court to impose a sentence below the statutory minimum sentence if the defendant satisfies five requirements. United States v. Delgrosso, 852 F.3d 821, 829 (8th Cir. 2017). The only requirement at issue is whether Rios-Sanchez satisfied the fifth requirement–that is "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has

concerning the offense or offenses." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

The government conceded that the district court erred in finding that Rios-Sanchez was ineligible for safety-valve relief because the information was not provided before the initial sentencing hearing. The error, however, was harmless.

"We review for clear error a district court's findings regarding the completeness and truthfulness of information provided by a defendant." Delgrosso, 852 F.3d at 829. The defendant bears the burden to show that he has satisfied each requirement for the safety valve. United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005). "Affirmance is required if the record supports the court's findings, regardless of which party is favored." Id.

Rios-Sanchez provided inconsistent statements regarding his involvement in the offense. He provided one version that he drove to the drug dealer's house to pick up the drugs and another version where the drug dealer brought the drugs to his house. Rios-Sanchez did not provide specifics on when and where the delivery was supposed to take place. The district court found Rios-Sanchez's explanation that the baggie of methamphetamine found in his sock was a sample for the drug dealer lacked credibility. After reviewing the entire record, we find there is sufficient evidence supporting the district court's findings regarding the lack of completeness and truthfulness of Rios-Sanchez's information about the offense.

## III.  Conclusion

The district court's error in finding Rios-Sanchez was ineligible for consideration under the safety valve was harmless. Rios-Sanchez's written safety-valve statement and his testimony at the sentencing hearing demonstrate he did not truthfully proffer all information about his involvement in the offense and, therefore,

did not satisfy his burden of showing he was been entitled to relief under the safety valve.  The judgment is affirmed.

_____