NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0096n.06

No. 13-4158

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 02, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| TREMAYNE COLLINS, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: BATCHELDER, MOORE, and SUTTON, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Tremayne Collins pleaded guilty to conspiring to distribute and to possess with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 846. The district court determined Collins's Guidelines range to be between 70 and 87 months, pursuant to a total offense level of 21 and a criminal history category of V. Collins received a 70-month sentence. On appeal, Collins contends that the district court erred in calculating his criminal history score. For the reasons stated below, we **AFFIRM** Collins's sentence.

## I. BACKGROUND

Tremayne Collins participated in a heroin distribution conspiracy lasting from March 2009 through March 2012. On June 27, 2012, a federal grand jury returned a 19-count indictment against Collins and eleven codefendants, with Collins named in counts 1 (for violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 846), 13 (for

violating 21 U.S.C. § 843(b) and 21 U.S.C. § 846), and 16 (for violating 21 U.S.C. § 843(b) and 21 U.S.C. § 846). On June 3, 2013, Collins agreed to plead guilty to count 1, in exchange for the government's dismissing all other charges against him.

At sentencing, Collins objected to the criminal history calculation in his Presentence Report ("PSR"), which recommended that he receive a criminal history score of 11.[1] Collins took issue specifically with the criminal history points that he received for possession of heroin and possession of dangerous drugs in violation of state law on October 1, 2010, and for possession of heroin in violation of state law on October 29, 2011. *See* R. 381 (Sentencing Hr'g Tr. at 11–13) (Page ID #2651–53); R. 244 (PSR at ¶ 62–63) (Page ID #1226–27). According to Collins, these two "offenses were [part of] a common course of conduct with his instant case of conspiracy to distribute heroin." Appellant Br. at 14. Thus, under Collins's view, they should have been grouped together as relevant conduct to the instant offense, rather than counted separately in calculating his criminal history.

In response, the government contended that these possession offenses "were isolated arrests," and that "[t]here was no direct evidence tying them to the conspiracy." R. 381

_____

[1]Collins's "criminal convictions . . . produce[d] a subtotal criminal history score of 10." R. 244 (PSR ¶ 66) (Page ID #1227). "However, convictions scored pursuant to U.S.S.G. § 4A1.1(c) are limited to 4," and there were five such convictions here, resulting in Collins's receiving a subtotal criminal history score of 9. *Id.* Because Collins was on supervised release when he committed the instant conspiracy, two additional criminal history points were added. Collins does not dispute nine of these points—attempted possession of crack cocaine in violation of state law; driving under the influence in violation of state law; trafficking in heroin in violation of state law; conspiracy to possess with intent to distribute and distribution of at least 100 grams of heroin and 164 grams of ecstasy in violation of federal law; and the enhancement for committing the instant offense while on supervised release.

(Sentencing Hr'g Tr. at 15) (Page ID #2655). In addition, in an addendum to Collins's PSR, the government verified that these heroin amounts were not included in calculating Collins's base offense level, which held Collins responsible for conspiring to distribute and to possess with intent to distribute 80–100 grams of heroin.

After hearing from both sides, the district court stated that it could not "simply say well, anything that happened [during the conspiracy] that was drug related, that it[,] if it was heroin, is part of the conspiracy." R. 381 (Sentencing Hr'g Tr. at 18) (Page ID #2658). "It could be—it might be, but I—there's not enough for me to make that determination." *Id.* at 19 (Page ID #2659). The district court overruled Collins's objection, and adopted the PSR's recommendation in full. *Id.* at 19, 21 (Page ID #2659, 2661). Before imposing Collins's sentence, the district court provided Collins with a final opportunity to object, pursuant to our rule in *United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004). R. 381 (Sentencing Hr'g Tr. at 43–44) (Page ID #2683–84). Collins asserted a "continuing objection" regarding "the Court's determination on [his] criminal history." *Id.* at 44 (Page ID #2684).

On appeal, Collins contends that the district court erred in denying his objection to these two criminal history points. In addition, he claims that he should not have received a criminal history point for his January 19, 2000, arrest for minor misdemeanor possession of marijuana. Collins did not raise this latter claim at his sentencing hearing or in his sentencing memorandum.

## II.  DISCUSSION

### A.  Standard of Review

We review sentences for procedural and substantive reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.*  If no procedural error occurred, we must then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id.*  Sentences within the applicable Guidelines range are presumptively substantively reasonable.  *United States v. Brooks,* 628 F.3d 791, 796 (6th Cir. 2011).

With respect to the issues in this case, "[w]e accept factual findings made by the district court at sentencing unless they are clearly erroneous.  Because the district court's determination of 'relevant conduct' under the Sentencing Guidelines involves the application of law to fact, we review the district court's determination de novo."  *United States v. Phillips*, 516 F.3d 479, 483 (6th Cir. 2008) (citation omitted).  In addition, as we noted in *Bostic*, "[i]f a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal."  371 F.3d at 872–73; *see also United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) (applying *Bostic* only to procedural reasonableness claims).

**B. Marijuana Possession**

We consider first Collins's argument that he should not have received a criminal history point for his prior conviction for minor misdemeanor possession of marijuana. As Collins points out, "[a]rrest or conviction for [this] minor misdemeanor violation . . . does not constitute a criminal record" under Ohio law. Appellant Br. at 17 (quoting Ohio Rev. Code Ann. § 2925.11(D)). Thus, he argues that his conviction should fall under one of the exceptions listed in U.S.S.G. § 4A1.2(c), rather than be considered part of his criminal history. He specifically analogizes his conviction to a minor traffic infraction, *see* U.S.S.G. § 4A1.2(c)(2), or, in the alternative, to disorderly conduct, *see* U.S.S.G. § 4A1.2(c)(1).

Because Collins did not raise this specific objection below, we review it for plain error. *See Bostic*, 371 F.3d at 872–73. To demonstrate plain error, Collins must show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted).

Collins has failed to satisfy these requirements. The Commentary to U.S.S.G. § 4A1.2(c) advises us to adopt a "common sense approach" in determining whether an offense should be considered a minor traffic infraction or a form of disorderly conduct. U.S.S.G. § 4A1.2 cmt. n.12(A). That approach "includes consideration of [a number of] relevant factors," including:

(i)     a comparison of punishments imposed for the listed and unlisted offenses;
(ii)    the perceived seriousness of the offense as indicated by the level of punishment;
(iii)   the elements of the offense;
(iv)    the level of culpability involved; and

>     (v)    the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

*Id.* In *United States v. Stubblefield*, 265 F.3d 345, 346 (6th Cir. 2001), "Stubblefield filed an objection to the probation officer's decision to assign a criminal history point to his minor misdemeanor drug abuse conviction"—a conviction, as in this case, for "possession of less than one hundred grams of marijuana." We considered and rejected Stubblefield's argument that his conviction fell under the purview of U.S.S.G. § 4A1.2(c). *Id.* at 347 ("[T]he exceptions set forth in § 4A1.2(c) do not apply."). However, we decided *Stubblefield* without referring to the five factors listed above.

       To be sure, some of these factors—a comparison of the punishments imposed (factor i) and the perceived seriousness of the offenses as indicated by their level of punishment (factor ii)—do weigh in Collins's favor. As Collins notes, minor misdemeanor possession of marijuana (like a minor traffic infraction) is not recorded on one's criminal record in Ohio. On recidivism (factor v), we acknowledge that "[t]he Sentencing Commission has determined that convictions for crimes involving illegal narcotics correlate strongly to recidivism." *United States v. Foote*, 705 F.3d 305, 308 (8th Cir. 2013) (internal quotation marks omitted) (citing U.S. Sentencing Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, 13, 29–30 (2004)). But we have no data on whether the recidivism rate for minor traffic infractions (such as speeding) is any lower than the recidivism rate for minor misdemeanor possession of marijuana—indeed, common experience would likely suggest that it is probably just as high. Yet we think that these offenses contain different elements (factor iii)

and carry different levels of culpability (factor iv).  Ohio's drug possession law, for instance, contains an explicit mens rea element—that "[n]o person shall knowingly obtain, possess, or use a controlled substance"—while "[m]ost traffic violations," on the other hand, "are strict liability crimes."  Ohio Rev. Code § 2925.11(A); *State v. Campbell*, 691 N.E. 2d 711, 714 (Ohio Ct. App. 1997), *abrogated on other grounds by State v. Weitbrecht*, 715 N.E. 2d 167 (Ohio 1999).  Offenses which have a mens rea element typically carry with them a higher level of culpability than those that do not.  *See also Foote*, 705 F.3d at 307–08 (rejecting argument that possession of marijuana be treated as a minor traffic infraction under § 4A1.2).

In light of this discussion, we believe that the district court did not plainly err in awarding a criminal history point for Collins's prior conviction for marijuana possession.  We are mindful that at least one court has found that the district court did not commit plain error when it *failed* to award a criminal history point for defendant's prior marijuana possession conviction.  *United States v. Ventura*, 428 F. App'x 390, 392 (5th Cir. 2011).  But under plain-error review, Collins must demonstrate that the district court committed an "obvious or clear" error.  Collins has not done so here.  Collins's second contention—that we treat his marijuana possession as a form of disorderly conduct—is of a piece.  Consistent with the reasoning above, we hold that the district court did not plainly err in rejecting this argument.  *See also United States v. Ruacho*, 746 F.3d 850, 854–55 (8th Cir. 2014) (applying five-factor test to same argument and rejecting claim).

## C.  Heroin Possession

Collins also alleges that his convictions for heroin possession in 2010 and 2011 should be considered relevant conduct to the instant offense.  We begin with his 2011 arrest.  According to

the Youngstown police report, officers pulled over the car that Collins was riding in for having tinted windows. Police officers approached the vehicle and observed Collins sitting in the passenger seat with "a personal use amount of heroin near his lap." R. 244 (PSR at ¶ 63) (Page ID #1227).

These facts are consistent with the government's contention that Collins was possessing heroin outside of his involvement in the instant heroin conspiracy—i.e., that he was possessing it for personal use. This conclusion is also supported by the indictment and plea agreement, which provide multiple instances where Collins sold heroin to a cooperating source. *See* R. 249 (Plea Agreement at ¶ 19) (Page ID #1280–81). Tellingly, none of these sales occurred in October 2011—none, in fact, occurred after June 8, 2011. *Id.* We also note that the district court offered Collins an opportunity to provide evidence on this matter at sentencing. Collins might have, at this time, offered an explanation of from whom he had bought the heroin and to whom he was planning to sell it. He declined.

The facts here mirror those in *United States v. Escobar*, 992 F.2d 87 (6th Cir. 1993). In that case, Escobar claimed that "the district court committed error by including two prior State of Ohio sentences for cocaine possession in the computation of his criminal history score, because the conduct which formed the basis for the Ohio sentences was part of the continuing criminal enterprise on which his federal sentence [was] based." *Id.* at 87–88. We rejected this argument. Although Escobar's drug possession offenses did occur while he was also involved in a drug distribution conspiracy, "Escobar's possession of cocaine on [a particular date] is simply not charged in the federal indictment, and the commission of this act need not have been proven as

an element of any of the offenses therein to which he pled guilty." *Id.* at 89. Both of Escobar's state convictions involved a small amount of cocaine, with one count charging him with possession of 0.58 grams of cocaine found on his person and rolled up in a dollar bill—facts indicative of cocaine intended for personal use. *Id.* at 88. In federal court, however, Escobar was convicted of conspiring to distribute and to possess with intent to distribute cocaine; one of the overt acts charged in his indictment involved his attempting to board a plane with approximately 2.5 kilograms of cocaine and $66,000 in cash. *Id.*

Like Escobar, Collins was convicted in federal court for attempting to distribute a large amount of contraband, whereas he was convicted in state court for possession of a small amount of contraband likely intended for personal use. As in *Escobar*, we reject Collins's unsupported assertion that this arrest for possession constituted relevant conduct to the instant offense. *Id.* at 90 ("We [could] think of no justification for concluding that *any* possession by Escobar during the three-year time span of the criminal enterprise must automatically be considered as having been committed by him as part of or in furtherance of his criminal enterprise."). The district court properly overruled Collins's objection.

Our decision on the 2011 arrest makes it unnecessary for us to review the district court's decision regarding Collins's 2010 arrest for heroin possession. Under the Guidelines, convictions scored pursuant to U.S.S.G. § 4A1.1(c) are capped at four. Collins had five such convictions here, including the three at issue in this appeal. We have already determined that the district court did not plainly err in awarding Collins a criminal history point for marijuana possession in 2000 and did not err in awarding him a criminal history point for heroin possession

in 2011. Thus, Collins's criminal history score still would have been 11, regardless of the district court's treatment of his 2010 arrest. Any error by the district court here would have therefore been harmless.

After determining Collins's criminal history score and his total offense level, the district court properly set forth its rationale for Collins's sentence. We hold that Collins's sentence was neither procedurally nor substantively unreasonable.

### III. CONCLUSION

Accordingly, we **AFFIRM** Collins's sentence.