NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0358n.06

No. 17-3899

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JERAD C. TATUM, JR., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

FILED
Jul 20, 2018
DEBORAH S. HUNT, Clerk

BEFORE: GIBBONS, THAPAR, and LARSEN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**

Jerad Tatum alleges that the district court erred in determining his criminal history category and his total offense level in imposing his 84-month sentence for felon-in-possession of a firearm and ammunition. The district court correctly calculated his sentence, and we therefore affirm.

I.

In July 2015, the Akron police received a phone call about a dreadlocked man brandishing a gun. The man described in the call was not Tatum, but when police arrived at the scene, they saw Tatum and the dreadlocked man walking together. The police asked both men to stop, but they ran away in different directions. The police apprehended Tatum and recovered a handgun along the path of his flight, and forensic testing revealed his DNA on the gun. Tatum was indicted with a single count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). He subsequently pled guilty without a plea agreement.

Tatum's presentence report calculated his advisory sentencing range to be 77–96 months, based on a criminal history category of VI and a total offense level of 21. Tatum disagreed, arguing his criminal history category should be reduced to V and that his total offense level should have been 17 instead of 21, because he had only one prior controlled-substance offense, meaning his Guidelines range would be 46–57 months. At sentencing, the district court rejected Tatum's arguments and sentenced him to 84 months' incarceration—within the Guidelines range for his offense as calculated by the presentence report and adopted by the court. Tatum then filed this appeal.

## II.

We review a district court's sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). This review has both substantive and procedural components. *See id.* But here Tatum only challenges, and we therefore only review, the procedural reasonableness of his sentence. *See United States v. Bolds*, 511 F.3d 568, 581 n.8 (6th Cir. 2007).

With respect to procedural reasonableness, a district court abuses its discretion if it "commit[s][a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 579 (alteration in original) (quoting *Gall*, 552 U.S. at 51). Thus, in undertaking procedural-reasonableness review, "we must ensure that the district court (1) properly calculated the applicable advisory Guidelines range; (2) considered the § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the chosen sentence." *United States v. Petrus*, 588 F.3d 347, 351–52 (6th Cir. 2009). Tatum's arguments on appeal go to the first step of this inquiry.

A.

Tatum claims that the presentence report, which was adopted by the district court, overstated his criminal history category by one point. In assessing his multiple prior convictions, Tatum's presentence report determined that he had a criminal history score of 17, establishing a criminal history category of VI. Tatum contends that the presentence report improperly counted his minor misdemeanor marijuana possession offenses as "prior sentences" and incorrectly treated certain prior offenses as multiple, separate sentences in calculating his criminal history score.

1.

Tatum first argues that the district court should not have included his prior Ohio Revised Code § 2925.11 minor misdemeanor marijuana possession offenses as "prior sentences" in the computation of his criminal history score.[1]

In calculating a defendant's criminal history, a sentencing court first determines the number of points associated with a "prior sentence," based on its length as provided in U.S.S.G § 4A1.1. A "prior sentence" for Guidelines purposes is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). This includes all felony sentences and all misdemeanor offenses, unless an exception for a specific misdemeanor offense applies under U.S.S.G.

---

[1] Two of the relevant offenses in the presentence report are described as "Drug Abuse Marijuana" instead of as "possession," as they were convictions of violations of the Akron Municipal Code § 138.10, which uses the offense title "drug abuse." These were, however, also violations of Ohio Revised Code § 2925.11, and Tatum discusses them as such. *Compare* Ohio Rev. Code § 2925.11(A) ("No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."), *with* Akron Mun. Code § 138.10 ("No person shall knowingly obtain, possess, or use a controlled substance."). We therefore use the language of marijuana "possession" for the relevant offenses and discuss them in the context of Ohio Revised Code § 2925.11.

In the relevant heading in his brief, Tatum also lists paragraphs 53 and 55 of the presentence report as improperly counted non-sentences. These sentences were both for driving with a suspended license and contempt of court—not for marijuana offenses under Ohio Revised Code § 2925.11. Tatum's argument regarding improperly counted sentences in this section relates only to Ohio Revised Code § 2925.11, indicating that paragraphs 53 and 55 were erroneously listed. Moreover, the district court properly counted these misdemeanor sentences, as for each Tatum was sentenced to at least 30 days' imprisonment. *See* U.S.S.G. § 4A1.2(c)(1).

§ 4A1.2(c). The exceptions for misdemeanor offenses under § 4A1.2(c) fall into two categories:

Under § 4A1.2(c)(1), sentences for specific enumerated offenses and "offenses similar to them"

are only counted if "the sentence was a term of probation of more than one year or a term of

imprisonment of at least thirty days," or "the prior offense was similar to an instant offense." And

under § 4A1.2(c)(2), sentences for specific enumerated offenses and "offenses similar to them"

are "never counted" in computing criminal history. Such "never counted" offenses include minor

traffic infractions such as speeding, public intoxication, loitering, and vagrancy. *See* U.S.S.G.

§ 4A1.2(c)(2). Tatum argues that an Ohio Revised Code § 2925.11 minor misdemeanor marijuana

offense falls within the § 4A1.2(c)(2) misdemeanor exception and therefore should never count

for purposes of calculating criminal history.[2]

The Guidelines instruct the court to "use a common sense approach" to determine "whether

an unlisted offense is similar to an offense listed in subsection . . . (c)(2)." *See* U.S.S.G. § 4A1.2

cmt.12(A). This includes consideration of several factors, such as:

> (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

*Id.* Tatum contends that his § 2925.11 misdemeanor marijuana sentences should qualify as "never

counted" offenses under § 4A1.2(c)(2) because they "(1) do not constitute a criminal record under

Ohio law; (2) do not implicate an offender's liberty interests because they only carry a maximum

penalty of a $150 fine; and, (3) qualify as 'never-counteds' under the Guidelines' common sense

approach." CA6 R. 14, Appellant Br., at 18–19.

---

[2] Tatum's argument references only the misdemeanor exception under § 4A1.2(c)(2). We therefore limit our consideration to whether a minor misdemeanor marijuana possession offense under § 2925.11 is similar to an offense listed in subsection § 4A1.2 (c)(2).

This court has previously considered whether a minor misdemeanor marijuana possession conviction under Ohio Revised Code § 2925.11 counts toward a defendant's criminal history score and concluded that it is properly counted as a prior sentence under the Guidelines. In *United States v. Stubblefield*, 265 F.3d 345 (6th Cir. 2001), we concluded that "the exceptions set forth in § 4A1.2(c) do not apply" to a minor misdemeanor § 2925.11 conviction, *id.* at 347, though we reached this conclusion "without referring to the five factors" listed in the relevant Guidelines comment, *United States v. Collins*, 600 F. App'x 433, 436 (6th Cir. 2015). Later, applying the relevant factors in *Collins*, we rejected the argument that a § 2925.11 minor misdemeanor offense was similar to a traffic infraction under § 4A1.2(c)(2) and concluded that the sentencing court "did not plainly err in awarding a criminal history point for [a defendant's] prior conviction for marijuana possession." *Id.* at 437. Finally, in the context of rejecting an ineffective assistance of counsel claim, we recently noted that this circuit has "rejected the argument" that "Ohio's characterization of a conviction for 'a minor misdemeanor possession of marijuana' as a non-criminal offense prevents that conviction from being counted in a defendant's criminal history." *United States v. Williams*, No. 17-3675, slip op. at 4–5 (6th Cir. Apr. 9, 2018) (citing *Stubblefield*, 265 F.3d at 348–49 and *Collins*, 600 F. App'x at 436–37). Our precedent therefore strongly indicates that a minor marijuana possession conviction under Ohio Revised Code § 2925.11 counts as a prior sentence in calculating a defendant's criminal history. *See also United States v. Foote*, 705 F.3d 305, 308 (8th Cir. 2013) (collecting cases and concluding that "[n]o circuit has held that possession of marijuana (or other drugs) is similar to any of the Guidelines' enumerated exceptions").

Application of the Guidelines factors also supports this conclusion. As we noted in *Collins*, although the first two factors—(i) comparison of the punishments imposed and (ii) the perceived

seriousness of the offenses as indicated by their level of punishment—support Tatum's argument because a "minor misdemeanor possession of marijuana (like a minor traffic infraction) is not recorded on one's criminal record in Ohio," *Collins*, 600 F. App'x at 436; Ohio Rev. Code § 2925.11(D), the next two factors—(iii) the elements of the offense and (iv) the level of culpability involved—set § 2925.11 offenses apart from the enumerated offenses in U.S.S.G. § 4A1.2(c)(2). *See Collins*, 600 F. App'x at 436–37. This is because § 2925.11 "contains an explicit mens rea element," and "[o]ffenses which have a mens rea element typically carry with them a higher level of culpability than those that do not." *Id.* at 436. This is in contrast to the § 4A1.2(c)(2) exempted offense of a "[m]inor traffic infraction," to which the defendant in *Collins* attempted to analogize § 2925.11, as most traffic offenses are strict liability crimes. *Id.*; *see also Foote*, 705 F.3d at 308 (applying the § 4A1.2 cmt.12(A) factors to a similar Minnesota statute and concluding "possession of marijuana is not similar to any enumerated exception").

Tatum attempts to get around this concern raised in *Collins* by arguing that "not all of the enumerated U.S.S.G. § 4A1.2(c)(2) offenses are strict liability violations" like a minor traffic infraction. CA6 R. 14, Appellant Br., at 21. And in support, he cites Ohio's public intoxication, loitering, and criminal trespass statutes as purported examples of § 4A1.2(c)(2) offenses that also require a level of mens rea. The offenses he cites, however, do not fall within § 4A1.2(c)(2)'s list of never-counted offenses. First, Ohio Revised Code § 2917.11(B), which Tatum cites as Ohio's public intoxication provision, is actually a disorderly conduct statute, and disorderly conduct is an enumerated offense under U.S.S.G. § 4A1.2(c)(1)—not (c)(2). *See* Ohio Rev. Code § 2917.11(B) (violation requires that a person in a public place while intoxicated "engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities" or "present[] a risk of physical harm to the offender or another, or to the property of another").

Similarly, the provision Tatum cites as Ohio's "loitering law requir[ing] purposeful conduct," CA6 R. 14, Appellant Br., at 21, actually criminalizes loitering "with purpose to solicit another to engage in sexual activity for hire." Ohio Rev. Code § 2907.241(A). And prostitution is covered by § 4A1.2(c)(1). Finally, in an attempt to analogize to "vagrancy," which is listed in § 4A1.2(c)(2), Tatum cites Ohio's criminal trespass statute. But, again, trespass is an enumerated offense under § 4A1.2(c)(1).

Therefore, Tatum's attempted analogy between marijuana possession and these statutes is unpersuasive because they are all enumerated offenses under § 4A1.2(c)(1) and not "never counted" offenses under § 4A1.2(c)(2). Instead, using the "common sense approach," minor misdemeanor marijuana possession is not sufficiently similar to the offenses in U.S.S.G. § 4A1.2(c)(2) such that it never counts in determining criminal history category. The district court properly counted those offenses as prior sentences here.

2.

Tatum next contends that several of the offenses listed in his presentence report were not separated by intervening arrests and therefore should have been considered single sentences for purposes of calculating his criminal history. All of these offenses, however, were separated by intervening arrests.

The Guidelines instruct that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest" and that even if there is no intervening arrest, "prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). If the court determines that the convictions at issue are separated by intervening arrests—i.e., the defendant was arrested for the first offense

prior to committing the second offense—then its inquiry ends. *United States v. Gale*, 468 F.3d 929, 936 (6th Cir. 2006) ("Only if there was no intervening arrest may the court consider the factors that may otherwise render prior sentences related." (internal quotation marks omitted) (quoting *United States v. Gorostieta*, 134 F. App'x 802, 804 (6th Cir. 2005)).

Tatum argues first that the conduct described in paragraphs 37, 41, and 44 of the presentence report should be considered a single sentence. But paragraph 37 of the presentence report details that Tatum was arrested May 18, 2008, after police saw him drop a package containing crack-cocaine a few days earlier. Paragraph 41 reflects that Tatum was arrested on January 24, 2009, after being found with two counterfeit fifty-dollar bills. And paragraph 44 states that Tatum was again arrested on April 8, 2009, after selling cocaine to an undercover officer. Tatum similarly argues that the offenses described in paragraphs 46 and 48 should be considered a single offense, but those, too, were separated by intervening arrests. Paragraph 46 describes a September 7, 2010, arrest for failure to register as a sex offender during May and June 2010. And paragraph 48 describes his October 26, 2011, arrest for his failure to register as a sex offender for the period of July–October 2011. Therefore, the prior sentences that Tatum contends should be considered single sentences were all separated by intervening formal arrests.

Tatum devotes the majority of this section of his brief to arguing that "a citation or summons is not a formal arrest and, therefore, does not qualify as an 'intervening arrest' for Guidelines purposes," but none of the arrests he cites involved the issuance of citation or summons. CA6 R. 14, Appellant Br., at 25.[3] These offenses were therefore properly considered separate sentences in determining Tatum's criminal offense history. *See* U.S.S.G. § 4A1.2(a)(2).

---

[3] Indeed, the only mention of a citation and summons in the presentence report is for a suspended license and contempt of court in paragraph 55, and Tatum does not raise paragraph 55 as an allegedly improperly counted sentence on these grounds.

Because the district court did not err in calculating Tatum's prior sentences, it correctly determined that he had a criminal history score of 17, establishing a criminal history category of VI.

B.

Tatum next argues that the district erred in determining his total offense level. The presentence report determined that Tatum had a base offense level of 24, as he had two prior felony convictions for controlled-substance offenses. After applying a three-level deduction for acceptance of responsibility, the district court determined Tatum's total offense level to be 21. Tatum contends that his base offense level should have been 20, and therefore his total offense level 17, because he had only one prior controlled-substance offense.

U.S.S.G. § 2K2.1(a)(2) provides that for a felon-in-possession conviction, the base offense level is 24 if the defendant has "at least two felony convictions of either a crime of violence or a controlled substance offense." A controlled-substance offense is any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b); *see also* U.S.S.G. 2K2.1 cmt.1. Tatum's presentence report determined that he had two prior cocaine trafficking convictions, one from 2008 and one from 2009, that qualified as controlled-substance offenses. Tatum does not contest that his 2009 conviction for trafficking was a controlled-substance offense, but he argues that his 2008 conviction was for possession only and therefore was not a controlled-substance offense for Guidelines purposes.

Although the original journal entry in Tatum's 2008 Ohio case stated that Tatum pled guilty to "trafficking in cocaine," it mistakenly cited the statutory provision for cocaine possession—Ohio Revised Code § 2925.11. This mistake was also reflected in paragraph 37 of his presentence report describing the 2008 conviction. After Tatum raised this objection at sentencing, the district court examined the journal entry and the colloquy in his 2008 Ohio case and concluded that it was clear that the miscited statute was "simply a clerical error" and that "Tatum did plead to the trafficking and it should have been 2925.03 in the entry." DE 56, Sent. Tr., Page ID 424–27.

Tatum argues that the district court should have treated this as a possession conviction, as the Ohio court speaks only through its journal; however, the journal entry clearly stated that Tatum pled guilty to trafficking and merely miscited the statute. Moreover, the Ohio court filed a journal entry *nunc pro tunc* correcting the clerical error, which is included in the record on appeal. And under Ohio law, a trial court can correct clerical errors in judgments at any time. *See* Ohio Crim. R. 36; *State ex rel. Cruzado v. Zaleski*, 856 N.E.2d 263, 266–67 (Ohio 2006). The journal entry *nunc pro tunc* corrects the citation to be to Ohio Revised Code § 2925.03(C)(4)(D), trafficking in cocaine.

Accordingly, the record shows that Tatum had two prior controlled-substance offenses, and, therefore, the district court properly calculated his base offense level as 24, with a total offense level of 21. *See* U.S.S.G. § 2K2.1.

### III.

For the foregoing reasons, we affirm Tatum's sentence.

10