NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0601n.06

Case No. 19-3555

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 22, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JUSEAN FOSTER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT, KETHLEDGE, and WHITE, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Jusean Foster appeals from the district court's judgment sentencing him to a below-guidelines sentence of 121 months in prison for conspiracy and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(viii). Defendant pleaded guilty without a plea agreement. He timely appealed, and challenges his sentence on several grounds. For the following reasons, we affirm.

## I.

Defendant was stopped by a sheriff's deputy for driving a car with darker-than-legal window tint. He was the sole occupant and registered owner of the vehicle. Defendant told the deputy that he had just smoked marijuana and that there was some marijuana in the driver's door pocket. Defendant also told the deputy that there was a bag near the driver's seat containing "ice,"

slang for methamphetamine. The subsequent search of the interior of defendant's car turned up marijuana and methamphetamine in the driver's door pocket, and a bag hanging from the gear shift containing methamphetamine. A digital scale, which subsequently tested positive for methamphetamine residue, and a loaded handgun were found in a bag in the trunk. The factual basis for defendant's plea specified that 57.2 grams of methamphetamine were found in the bag hanging from the gear shift. When asked at his plea hearing if he accepted the factual findings reciting his conduct, defendant, who was under oath, answered yes. Change-of-Plea Plea Hr'g Tr. at 13. The court accepted his guilty plea and a presentence report was prepared. The final revised report was filed on May 28, 2019.

The presentence report relied on the facts from the change-of-plea hearing as to the offense conduct and drug weight. It recommend an offense level of 29, and a criminal history category of V, yielding a guidelines range of 140-175 months. Based on the amount of methamphetamine, the presentence report started with a base offense level of 30. U.S.S.G. § 2D1.1(c)(5). A two-level enhancement was added under § 2D1.1(b)(1) because defendant "possessed" a firearm during the offense. Defendant objected to the two-level gun enhancement, arguing that he had no knowledge of the firearm in the trunk of the vehicle. Three points were deducted for acceptance of responsibility, resulting in a base offense level of 29. Defendant's 10 criminal history points based on prior convictions placed him in criminal history category V. Four of the ten criminal history points resulted from four separate misdemeanor drug possession convictions, each scoring one point. Defendant objected to three of those points, arguing they should be excluded under the guidelines as exempted "minor misdemeanors" that do not count in calculating criminal history. The district court overruled defendant's objections to the guidelines calculations, but, finding that defendant's criminal history category of V slightly overstated his criminal history and 140 months'

imprisonment was "a little longer than necessary" under 18 U.S.C. § 3553(a), it imposed a below-guidelines sentence of 121 months. Sent'g Hr'g Tr. at 21. Defendant timely appealed.

## II.

Defendant raises three challenges to his sentence: (1) the district court erred by applying a two-level enhancement under § 2D1.1(b)(1) for possessing a firearm during a drug crime; (2) the district court should not have counted the four convictions for marijuana possession in calculating defendant's criminal history category; and (3) the imposed sentence is procedurally unreasonable because the court applied an incorrect drug weight at sentencing.

### A. Two-level Enhancement under § 2D1.1(b)(1) for Possessing a Firearm During a Drug Crime

Defendant first contends that the district court erred when it applied a dangerous-weapon enhancement to his sentence pursuant to § 2D1.1(b)(1) of the sentencing guidelines. Section 2D1.1(b)(1) provides for a two-level enhancement to the offense level for a drug-related conviction where "a dangerous weapon (including a firearm) was possessed." To apply the enhancement under section 2D1.1(b)(1), the government must establish that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense. *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020)(citing *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996)). The elements must be proven by a preponderance of the evidence. *United States v. McCloud*, 935 F.3d 527, 531 (6th Cir. 2019). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A).

Defendant claims that the district court erred by failing to make factual findings about the firearm enhancement under Federal Rule of Criminal Procedure 32. Specifically, defendant argues that the district court erred by not requiring the government to prove he "possessed" the firearm

for purposes of the enhancement because it did not prove he knew it was in the trunk of the car. Defendant did not raise this argument below, so he concedes that we review this challenge for plain error. Plain error is "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks and citation omitted).

Defendant misconstrues the government's burden here. Defendant admitted at his plea hearing that a tote bag with a loaded firearm and scales was in his trunk when he was arrested, and he never contested those facts at sentencing. Those undisputed facts are sufficient to confer constructive possession. *See Hill*, 79 F.3d at 1485 ("Constructive possession of an item is the ownership, or dominion or control over the item itself, or dominion over the premises where the item is located.") (citation and internal quotation marks omitted); *United States v. Solorio*, 337 F.3d 580, 599 (6th Cir. 2003) (holding that the government met its burden of showing constructive possession where firearms were found in an apartment defendant leased and from which he recently removed marijuana). The undisputed facts were also sufficient to infer that defendant's possession was during the commission of the offense. Along with the firearm, officers discovered over 57 grams of methamphetamine and a scale with methamphetamine residue on it in defendant's car. Because these facts were never contested by defendant, the district court did not plainly err in concluding that the government met its burden for the enhancement to apply. *See United States v. Pryor*, 842 F.3d 441, 452-53 (6th Cir. 2016); *Solorio*, 337 F.3d at 599. The burden then shifted to defendant to demonstrate that it was "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A).

To support his claim that the government presented no proof that the gun in the trunk had any connection to the drugs found in the interior of the car, defendant asserts that the arresting deputy did not see defendant approach or in proximity to the trunk, and he suggests that family members who had used the car might have put the weapon there. To rebut the factual findings underpinning the legal conclusion that the enhancement should apply, the district court offered defendant the opportunity at the sentencing hearing to provide sworn testimony or other proof that he did not know about the loaded firearm in the trunk of his car. Defendant declined to take the stand of offer other evidence. He therefore failed to establish that the firearm was not connected to his drug crime. Sent'g Hr'g Tr. at 5-6.

To the extent that defendant argues that the district court's factual findings were clearly erroneous, his arguments do not compel us to overturn the district court's factual finding. At the sentencing hearing, the district court verified that defendant was driving his own car at the time of his arrest. *Id*. at 4. The district court found that it was not unreasonable to presume that defendant knew what was in his own car unless he provided some evidence to the contrary. It found that the evidence was unrefuted that the loaded gun was found in the trunk with a digital scale with methamphetamine residue on it. The court found this sufficiently tied the gun to the drug offense to which defendant pled guilty, that is, intent to distribute methamphetamine. It found that by a preponderance of the evidence and under the totality of the circumstances, it was more probable than not that defendant knew the loaded gun was in his trunk and the enhancement applied. *Id*. at 4-5. The court offered to have defendant put on the stand and examined under oath about the presence of the gun in the trunk, but defense counsel declined the offer after conferring with defendant. We are not left with the "definite and firm conviction" that the district court erred in finding that defendant possessed the gun for purposes of applying the § 2D1.1 enhancement.

Case No. 19-3555, *United States v. Foster*

B. **Calculation of Criminal History Category**

Defendant next claims that the presentence report, which was adopted by the district court, overstated his criminal history category by scoring four points for drug possession convictions. He contends that three of the points should not have scored due to "sufficient similarity" to excluded offenses for minor misdemeanors under the guidelines. He also contends that a fourth point should have been excluded because one of his convictions fell outside the applicable time period to count as a prior sentence.

In calculating a defendant's criminal history, a sentencing court first determines the number of points associated with a "prior sentence." U.S.S.G § 4A1.1. A "prior sentence" for guidelines purposes is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." *Id*. § 4A1.2(a)(1). This includes all felony sentences and all misdemeanor offenses, unless an exception for a specific misdemeanor offense applies under U.S.S.G. § 4A1.2(c).

In scoring defendant's multiple prior convictions, the presentence report determined that he had a criminal history score of 10, establishing a criminal history category of V. The presentence report identified six one-point prior convictions: four drug possessions between 2007 and 2018, operating a vehicle under the influence, and obstructing official business. However, under § 4A1.1, a defendant can receive no more than four points stemming from one-point offenses, so defendant received the maximum of four points instead of six. Defendant also had two three-point convictions—one for kidnapping and one for attempting to corrupt another with drugs. Adding together four and six gives a total of 10 points. Without the four-point "cap" for one-point offenses under § 4A1.1, defendant would have had a total of 12 points. If the four drug possession convictions had not counted, defendant would have eight criminal history points, not

10, and his criminal history category would have been IV not V, thereby lowering his guidelines range to 121-151 months.

### 1. Three Misdemeanor Marijuana Possessions

Defendant contends that, under the guidelines, the three misdemeanor marijuana possessions should have been excluded.[1]  The exceptions for misdemeanor offenses under § 4A1.2(c) fall into two categories: (1) under § 4A1.2(c)(1), sentences for specific enumerated offenses and "offenses similar to them" are only counted if "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days," or "the prior offense was similar to an instant offense;" or (2) under § 4A1.2(c)(2), sentences for specific enumerated offenses and "offenses similar to them" are "never counted" in computing criminal history.  Such "never counted" offenses include minor traffic infractions such as speeding, public intoxication, loitering, and vagrancy.  *See* U.S.S.G. § 4A1.2(c)(2).

Defendant argues that a minor misdemeanor marijuana offense in Ohio falls within the § 4A1.2(c)(2) misdemeanor exception and therefore should never count for purposes of calculating criminal history.  The district court overruled defendant's objection below.  We have previously rejected defendant's argument under similar facts in a thorough, though unpublished, opinion.  As we said in *United States v. Tatum*, 743 F. App'x 589, 592-93 (6th Cir. 2018):

> This court has previously considered whether a minor misdemeanor marijuana possession conviction under Ohio Revised Code § 2925.11 counts toward a defendant's criminal history score and concluded that it is properly counted as a prior sentence under the Guidelines.  In *United States v. Stubblefield*, 265 F.3d 345 (6th Cir. 2001), we concluded that "the exceptions set forth in § 4A1.2(c) do not apply" to a minor misdemeanor § 2925.11 conviction, *id.* at 347, though we reached this conclusion "without referring to the five factors" listed in the relevant Guidelines comment, *United States v. Collins*, 600 F. App'x 433, 436 (6th Cir. 2015).  Later, applying the relevant factors in *Collins*, we rejected the argument that

---

[1]Defendant filed an unopposed motion with our court requesting that we take judicial notice of documents from the Portage County (Ohio) Municipal Court relating to these convictions.  Motion filed Mar. 6, 2020.  We grant the motion and hereby take judicial notice of the documents.

a § 2925.11 minor misdemeanor offense was similar to a traffic infraction under § 4A1.2(c)(2) and concluded that the sentencing court "did not plainly err in awarding a criminal history point for [a defendant's] prior conviction for marijuana possession." *Id*. at 437. Finally, in the context of rejecting an ineffective assistance of counsel claim, we recently noted that this circuit has "rejected the argument" that "Ohio's characterization of a conviction for 'a minor misdemeanor possession of marijuana' as a non-criminal offense prevents that conviction from being counted in a defendant's criminal history." *United States v. Williams*, No. 17-3675, slip op. at 4–5 (6th Cir. Apr. 9, 2018) (citing *Stubblefield*, 265 F.3d at 348–49 and *Collins*, 600 F. App'x at 436–37). Our precedent therefore strongly indicates that a minor marijuana possession conviction under Ohio Revised Code § 2925.11 counts as a prior sentence in calculating a defendant's criminal history. *See also United States v. Foote*, 705 F.3d 305, 308 (8th Cir. 2013) (collecting cases and concluding that "[n]o circuit has held that possession of marijuana (or other drugs) is similar to any of the Guidelines' enumerated exceptions").

Application of the Guidelines factors also supports this conclusion. As we noted in *Collins*, although the first two factors—(i) comparison of the punishments imposed and (ii) the perceived seriousness of the offenses as indicated by their level of punishment—support Tatum's argument because a "minor misdemeanor possession of marijuana (like a minor traffic infraction) is not recorded on one's criminal record in Ohio," *Collins*, 600 F. App'x at 436; Ohio Rev. Code § 2925.11(D), the next two factors—(iii) the elements of the offense and (iv) the level of culpability involved—set § 2925.11 offenses apart from the enumerated offenses in U.S.S.G. § 4A1.2(c)(2). *See Collins*, 600 F. App'x at 436–37. This is because § 2925.11 "contains an explicit mens rea element," and "[o]ffenses which have a mens rea element typically carry with them a higher level of culpability than those that do not." *Id*. at 436. This is in contrast to the § 4A1.2(c)(2) exempted offense of a "[m]inor traffic infraction," to which the defendant in *Collins* attempted to analogize § 2925.11, as most traffic offenses are strict liability crimes. *Id*.; *see also Foote*, 705 F.3d at 308 (applying the § 4A1.2 cmt.12(A) factors to a similar Minnesota statute and concluding "possession of marijuana is not similar to any enumerated exception").

Relying on *Tatum* and the reasoning on which it relies from *Collins* and *Stubblefield*, we conclude that defendant has failed to demonstrate that his marijuana possession convictions should be excluded from his criminal history. Defendant does not attempt to distinguish *Tatum*, *Collins*, or *Stubblefield*, instead arguing that they were wrongly decided. We decline to rule on any alternative argument as to whether the misdemeanors could be excluded because they are "similar to the instant offense." This argument was not raised below, and the district court did not discuss it.

Based on our precedent, we affirm the district court's inclusion of the three minor marijuana possession convictions in calculating defendant's criminal history category.

## 2. **2007 Drug Possession Conviction**

Defendant also challenges the inclusion of one criminal history point for a 2007 drug possession conviction in his criminal history calculation because it is more than 10 years old, and therefore outside the timeframe where a prior misdemeanor can be included in criminal history calculations. Defendant did not raise this argument below, so we review for plain error. The government concedes that the conviction should not have been counted, but argues that the error is harmless because excluding the one-point offense would not change the four criminal history points defendant received for one-point offenses We agree because, as explained above, the guidelines "cap" the maximum number of points from one-point offenses at four. U.S.S.G. § 4A1.1(c). Removing the 2007 conviction would lower defendant's criminal history points from one-point convictions from six to five, but would not alter the maximum four points he received under the "cap."

## C. **Erroneous Drug Weight Calculations Render Sentence Procedurally Unreasonable**

Defendant also argues that his sentence is procedurally unreasonable because the district court adopted erroneous drug-weight calculations from the presentence report. Defendant concedes that he did not object to the drug amount calculations in the presentence report in the district court, so we review for plain error.

Defendant was charged with possession with intent to distribute more than 50 grams of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). There was no plea agreement, but, at the change-of-plea hearing, the government said it would have presented evidence at trial that defendant possessed methamphetamine in the amount of "57.2

grams and a purity of 92%." Plea Hr'g at 13. The defendant agreed to this finding at the change-of-plea hearing. *Id.* The presentence report appears to have transposed the net weight number agreed to at the plea hearing from "57.2" to "52.7." Presentence Report at 4. Typographical error appears to be the reason for the discrepancy because the final number, the "amount of pure substance," was calculated to be "52.6," which is the result when one multiplies 57.2 times 92%, the substance purity percentage. *Id.* Defendant argues that there is no proof that the lower-weight number recorded in the presentence report as "52.7" was a typographical error, but given the government's representation at the change-of-plea hearing of "57.2" grams, to which defendant agreed, and given also that the resulting pure substance amount of 52.6 derives from using 57.2 as the net weight, a typographical error seems the most likely reason for the discrepancy. Because it appears that the "52.7" number in the presentence report was a typographical error, and because the defendant did not object to the calculations in the district court, we find no plain error and affirm the total weight calculation relied on by the district court in assigning defendant's base offense level of 30.

For the foregoing reasons, we affirm the judgment of the district court.