NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0073n.06

No. 23-2058

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>LARRY EARL COOPER, JR.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Feb 07, 2025
KELLY L. STEPHENS, Clerk

Before: MURPHY, DAVIS, and BLOOMEKATZ, Circuit Judges.

MURPHY, Circuit Judge. Larry Cooper, Jr., pleaded guilty to unlawfully possessing a firearm as a felon. The district court calculated his guidelines range as 70 to 87 months' imprisonment. The court based this range, in part, on Cooper's prior conviction for possessing marijuana. It sentenced him to 84 months' imprisonment. Cooper now argues that the court should not have used his marijuana conviction to calculate his guidelines range. And he argues that the court imposed an unreasonably long sentence. But Cooper did not raise his guidelines objection in the district court, and he has not shown that the court's reliance on his marijuana conviction rose to the level of a plain error. The court also reasonably imposed a within-guidelines sentence based primarily on Cooper's dangerous record with firearms. We thus affirm.

Cooper has committed several firearm crimes over the years. In 2018, a Michigan court convicted him of carrying a concealed weapon. According to state records, this conviction

stemmed from Cooper's attempt to buy marijuana with counterfeit money. When Cooper's supplier discovered the fraud, both men brandished firearms. A witness suggested that the men then shot at each other.

Three years later, another Michigan court convicted Cooper of unlawfully possessing a firearm as a felon and of carelessly using the firearm in a way that caused an injury. The state records for this case indicate that Cooper accidentally shot a two-year-old boy in the abdomen. This wound threatened the young child's life.

The State of Michigan paroled Cooper for these firearm offenses in September 2022. Several months later, he abandoned his parole obligations. A state court issued a warrant for his arrest. In May 2023, police officers found him in Wyoming, Michigan. Cooper did not go into custody voluntarily. While resisting arrest, he tried to put "his hand inside his" coat but appeared to have trouble "reaching and pulling." PSR, R.25, PageID 72. During the struggle, officers fell to the ground with Cooper and eventually used a taser to subdue him. The officers found a handgun "wedged in a pocket" of the coat that Cooper had been reaching into. *Id.* He had used a conversion device to make this gun fully automatic and loaded it with an extended magazine that contained 29 rounds. Cooper also possessed 13 grams of marijuana, 7.5 grams of fentanyl, 19.1 grams of cocaine base, a digital scale, and $378 in cash.

Federal prosecutors charged Cooper with three counts: (1) unlawfully possessing a firearm as a felon, (2) possessing an illegal machinegun, and (3) possessing illegal drugs with the intent to distribute them. *See* 18 U.S.C. § 922(g)(1), (o)(1); 21 U.S.C. § 841(a)(1). Cooper agreed to plead guilty to the felon-in-possession count in exchange for the dismissal of the other two counts.

2

At sentencing, the district court calculated Cooper's guidelines range as 70 to 87 months' imprisonment. Neither party objected to this calculation. The court ultimately chose an 84-month term of imprisonment.

On appeal, Cooper raises both a procedural challenge and a substantive challenge to his sentence. Neither challenge has merit.

*Procedural Challenge*. Cooper first argues that the district court miscalculated his guidelines range and so imposed a procedurally unreasonable sentence. *See United States v. Riccardi*, 989 F.3d 476, 481 (6th Cir. 2021). The court found that Cooper fell into criminal history category IV. This conclusion rested on the decision to give Cooper a criminal history point for his marijuana-possession conviction from 2017. Cooper now asserts that the court should have excluded this marijuana conviction from his criminal history score under U.S.S.G. § 4A1.2(c)(2). Section 4A1.2(c)(2) tells district courts not to count several minor offenses—including "[l]oitering," "[m]inor traffic infractions (e.g., speeding)," "[p]ublic intoxication" and "[v]agrancy"—when calculating a defendant's criminal history score. *Id.* The provision adds that courts should also not count offenses "similar to" the listed offenses. *Id.* According to Cooper, his conviction for possessing marijuana is "similar to" an (unidentified) listed offense. *Id.*

Yet Cooper did not raise this claim in the district court. Just the opposite. When the court asked defense counsel if he had any "guideline objections," counsel responded: "None, Your Honor." Sent. Tr., R.35, PageID 164. The court later recognized that "the parties agree" that Cooper had "a criminal history category IV." *Id.*, PageID 179. So Cooper has ostensibly forfeited this claim. *See United States v. O'Lear*, 90 F.4th 519, 534–35 (6th Cir. 2024).

To be sure, Cooper did rely on his marijuana conviction to make a *different* argument. He asserted that his criminal history category "substantially over-represents the seriousness of" his

criminal record and requested a downward departure under U.S.S.G. § 4A1.3(b). As part of this request, his counsel conceded that the marijuana conviction was used "correctly under the guidelines" but asked for a departure because of the offense's minor nature. Sent. Tr., R.35, PageID 165–66. The district court denied this departure on discretionary grounds, and we generally treat this type of denial as unreviewable on appeal. *See United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). Perhaps for this reason, Cooper has switched to his new appellate argument about U.S.S.G. § 4A1.2(c)(2). But his request for a downward departure did not put the district court "on notice" that he was also challenging the court's use of the marijuana conviction in its guidelines calculations. *United States v. Holt*, 116 F.4th 599, 612 (6th Cir. 2024). This request thus did not preserve this claim, and we must review it for plain error. *See id.* at 612–13.

Cooper has not satisfied the plain-error test. As its name suggests, this test requires him to show (among other things) that the district court committed an "obvious" mistake when giving him a criminal history point for his marijuana conviction. *Id.* at 613 (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)). To be obvious, an error must be "clear under current law." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Cooper cannot make that showing because he asks us to *depart* from current law. We have repeatedly rejected efforts to treat convictions for marijuana possession as "similar to" the listed offenses in § 4A1.2(c)(2). *See United States v. Solomon*, 2024 WL 3675603, at *3–4 (6th Cir. Aug. 6, 2024); *United States v. Malory*, 2023 WL 7550018, at *3–6 (6th Cir. Nov. 14, 2023); *United States v. Foster*, 832 F. App'x 401, 406–07 (6th Cir. 2020); *United States v. Tatum*, 743 F. App'x 589, 591–94 (6th Cir. 2018); *United States v. Collins*, 600 F. App'x 433, 435–37 (6th Cir. 2015). This precedent forecloses Cooper's claim that the district

court committed an unambiguous error by relying on his marijuana conviction to calculate his criminal history score. *See Collins*, 600 F. App'x at 437.

*Substantive Challenge*. Even if the district court properly calculated his guidelines range, Cooper next argues that it imposed "too long" of a sentence when measured against the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Yet we review a district court's chosen sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). And because Cooper's sentence (84 months) fell within his guidelines range (70 to 87 months), we also presume the sentence's reasonableness. *See Vonner*, 516 F.3d at 389–90.

These deferential standards doom Cooper's substantive challenge because the district court chose a reasonable sentence. For starters, its decision to pick a within-guidelines sentence takes account of "the need to avoid unwarranted sentence disparities among" similarly situated defendants. 18 U.S.C. § 3553(a)(4)(A), (6). The court also highlighted the serious "nature and circumstances of the offense" when choosing a number at the "mid to high end" of the guidelines range. *Id.* § 3553(a)(1); Sent. Tr., R.35, PageID 183. Cooper had not just possessed a gun. He had absconded from parole and resisted arrest, including by "reaching for the gun[.]" Sent. Tr., R.35, PageID 182. And he had made that gun "fully automatic" and loaded it with an "extended magazine[.]" *Id.* The court next accounted for Cooper's "history and characteristics" when it described his "pattern of connections to guns[.]" 18 U.S.C. § 3553(a)(1); Sent. Tr., R.35, PageID 184. The court thus chose as its main priority the need "to deter" Cooper, to prove "the seriousness" of his gun crimes, and to protect the public. 18 U.S.C. § 3553(a)(2)(A)–(C); Sent. Tr., R.35, PageID 184. In short, the § 3553(a) factors reasonably supported its 84-month sentence.

Cooper's responses fall short. He first reiterates his claim that his marijuana conviction overstates his criminal record and argues that the court should have relied on that fact when balancing the § 3553(a) factors. But the district court explained why it disagreed with Cooper's claim. Among other things, the court suggested that Cooper's conviction for marijuana possession had aggravating circumstances. For example, the state records suggested that the police found a "firearm" and a "digital scale" when they caught Cooper smoking marijuana. Sent. Tr., R.35, PageID 180. So Cooper might have committed more crimes than simple possession. And given the presence of a gun, this incident added to Cooper's "serious criminal history" with firearms. *Id.*, PageID 181.

Cooper next argues that he did not commit an "offense of violence" that caused harm. Appellant's Br. 11. This claim ignores the facts. Cooper resisted arrested. And an officer "suffered injuries to his knees" when subduing him. PSR, R.25, PageID 72.

Cooper lastly highlights mitigating factors. For one, he took responsibility for his actions and expressed remorse. For another, he experienced serious losses in recent years with the death of his mother and the mother of one of his children. Yet these facts were "on [the court's] mind" when it chose its sentence. Sent. Tr., R.35, PageID 184. Despite Cooper's remorse, though, the court had not seen "concrete" evidence that he had the "ability" to change. *Id.* The court also recommended "mental health assessment and treatment" to help with the losses. *Id.*, PageID 186. All told, then, this argument merely asks us to "rebalance the § 3553(a) factors"—something that falls outside our appellate role. *Holt*, 116 F.4th at 612 (citation omitted).

We affirm.